### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **BILLIE QUICK,** | : | |
| **Petitioner** | : | **Civil Action No. 06-1841 (RMU)** |
| | : | |
| **v.** | : | |
| | : | |
| **U.S. PAROLE COMMISSION,** | : | |
| **Respondent** | : | |

### UNITED STATES PAROLE COMMISSION'S OPPOSITION TO
### PETITIONER'S PETITION FOR A WRIT OF HABEAS CORPUS

The United States Parole Commission, by and through its attorney, the United States

Attorney for the District of Columbia, respectfully files its opposition to the petitioner's petition

for a writ of habeas corpus. In support of his petition, the petitioner claims that he should be

released because he was not afforded a probable cause hearing by the U.S. Parole Commission

("the Commission"), and because the Commission did not provide a parole revocation hearing in

a timely manner. Because the petitioner was afforded both a timely probable cause hearing and a

timely revocation hearing, the petitioner's petition should be summarily denied.

### PROCEDURAL HISTORY

The petitioner, Billie Quick, was originally sentenced in the District of Columbia in 1974

and 1975 to an aggregate term of 3 to 9 years for two counts of assault with a deadly weapon and

one count of carrying a dangerous weapon. See Exhibit A (D.C. Department of Corrections Face

Sheet). The D.C. Board of Parole ("the Board") paroled the petitioner on November 28, 1977,

and he was to remain under parole supervision until September 23,1983, his full term sentence

date.  See Exhibit B (Certificate of Parole). The petitioner absconded from supervision and was

later convicted in North Carolina and sentenced to six years for breaking and entering and assault

on a female. See Exhibit C (Detainer Review). The Board lodged a parole violator warrant as a

detainer. Id. On March 6, 1981, the petitioner's parole was revoked. See Exhibit D (Order). The

petitioner was re-paroled on November 25, 1981, with a full term date of November 20, 1985.

See Exhibit E (Certificate of Parole).

     On September 28, 1983, the petitioner  was sentenced to a term of 20 to 60 months in

Superior Court F 156-82 for unlawful possession with intent to distribute a controlled substance.

See Exhibit F (Judgment and Commitment Order). The  Board  revoked the petitioner's parole on

October 17, 1983. See Exhibit G (Order). The petitioner was re-paroled on April 12, 1984, and

was to remain under parole supervision until June 8, 1988, his re-calculated full term sentence

date. See Exhibit H (Certificate of Parole). In May, 1985, the petitioner incurred another

conviction for possession of a prohibited weapon-knife and he was sentenced to one year of

probation. See Exhibit I (Memorandum to the Board). The petitioner's parole was revoked by the

Board on August 7, 1985. See Exhibit J (Order). The petitioner was re-paroled on April 25, 1986

with a full term date of May 2, 1989. See Exhibit K (Certificate of Parole).

On July 20, 1987, the petitioner was convicted in the Superior Court of the District of

Columbia Case No. F 4935-86 and sentenced to 20 months to five years for unlawful distribution

of a controlled substance. See Exhibit L (Judgment and Commitment Oder). On the same day, he

was also sentenced in F6793-87 to a consecutive term of 90 days for violation of the Bail Reform

Act. See Exhibit M (Judgment and Commitment Order). The petitioner's parole was revoked and

he was re-paroled to this new sentence on August 25, 1987. See Exhibit N (Certificate of Parole).

On March 6, 1991, the petitioner was paroled, with a full term date of February 21, 1993.  See

Exhibit O (Certificate of Parole).

The petitioner was once again convicted and sentenced on March 12, 1992 in the Superior Court Criminal Case No. F 10725-91 to a term of 7 to 21 years for distribution of cocaine which was to run concurrently to the sentence in F10339-91 for distribution of cocaine. See Exhibit P (Judgment and Commitment Order) and Exhibit X (Alleged Violation(s) Report). The Board revoked the petitioner's parole on April 3, 1992. See Exhibit Q (Notice of Board Order). The petitioner was re-paroled on April 18, 2000, with a re-calculated full term sentence date of August 23, 2014. See Exhibit R (Certificate of Parole).

On August 20, 2001, the petitioner's parole was revoked by the U.S. Parole Commission ("the Commission") and his time spent on parole was forfeited based on charges that the petitioner failed to report as directed and failed to submit to drug testing. See Exhibit S (Notice of Action).[1]  The petitioner was re-paroled on August 5, 2002, with a re-calculated full term date of August 10, 2015. See Exhibit T (Certificate of Parole). The petitioner's parole was revoked by the Commission for the second time on February 10, 2004, for charges including the use of dangerous and habit forming drugs, failure to submit to drug testing, and failing to report to his supervision officer. See Exhibit U (Notice of Action). The petitioner's parole release date was retarded several times for release planning purposes. See Exhibit V-1 (Notice of Action) and V-2 (Notice of Action). The petitioner was re-paroled on February 20, 2005, with a full term sentence date of August 22, 2016.  See Exhibit W(Certificate of Parole).

On December 23, 2005, the petitioner's Community Supervision Officer (CSO) reported

---

[1]On August 5, 2000, the U.S. Parole Commission assumed responsibility for parole revocation decisions formerly made by the D.C. Board of Parole for D.C. Code parole violators pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, Public Law No. 105-33, § 11231(a)(1), 111 Stat. 712, 745 (effective August 5, 1998); D.C. Code § 24-131(a)(2).

that the petitioner had been arrested on December 21, 2005 and charged with assault with intent to kill while armed in F7355-05. See Exhibit X at p. 2 (Alleged Violation(s) Report). The Commission issued a parole violator warrant on January 25, 2006 charging the petitioner with failure to submit to drug testing, use of dangerous and habit forming drugs, failure to report for supervision as directed, and a law violation, stemming from his arrest in F 7355-05. See Exhibit Y-1 (Warrant) and Exhibit Y-2 (Warrant Application).

     The petitioner's criminal case F 7355-05 was dismissed on October 5, 2006 and the parole violator warrant was subsequently executed on November 20, 2006. See Exhibit Y-3 (Replicated Case Information System) and Exhibit  Z-1 (Warrant Return). While the petitioner denied all of the charges, probable cause was found at the probable cause hearing conducted on November 24, 2006 and the petitioner was scheduled for a local revocation hearing. See Z-2 (Probable Cause Hearing Digest).

     The Commission conducted a parole revocation hearing on January 22, 2007. See Exhibit AA (Hearing Summary). Two witnesses in connection with the law violation had been subpoenaed for the hearing; the police officer who prepared the report on the criminal charge and the victim of the assault. The police officer and victim both failed to appear for the hearing. The hearing examiner discussed the administrative charges with the petitioner. The petitioner admitted to the administrative charges of failure to submit to drug testing and use of drugs. Id. at p. 2. However, the petitioner denied the charge of failure to report to his CSO and, after reviewing the evidence, the hearing examiner recommended that no finding be made on the charge. In regard to the criminal charge, the hearing examiner recommended that no finding be made on the charge because there was insufficient evidence and securing the victim's presence

was unlikely. The petitioner's guidelines were calculated as 12-16 months. Since the examiner did not make a finding on the more serious charge, he recommended that the petitioner be reinstated to supervision. Id. at pp. 3-4.

The hearing examiner's recommendation was reviewed by the Executive Hearing Examiner (EHE) who disagreed with the recommendation to reinstate the petitioner to supervision. See Exhibit AA, pp. 4-5. The EHE determined that the administrative charges warranted the petitioner's return to custody and that further information should be obtained on the criminal charge because of the severity of the charge. The EHE contacted the U.S. Attorney's Office and learned that the case had been dismissed because the government was unable to present the case to the grand jury within 9 months. The U.S. Attorney's Office advised the EHE that the government intended to re-file the case. The Commission also obtained additional evidence from the U.S. Attorney's Office. Id. at p. 5. The EHE recommended that the petitioner's parole be revoked and that he be continued to a subsequent hearing to further consider the criminal charge.

The Commission concurred with the EHE and the petitioner was advised of the decision by a Notice of Action dated February 2, 2007. See Exhibit BB (Notice of Action). The Commission advised the petitioner that his parole was revoked, the time he spent on parole was forfeited, and that he was continued for a subsequent hearing for further consideration of the law violation charge. Id.

## ARGUMENT

The petitioner claims that he should be released because he was not afforded a probable cause hearing and because the U.S. Parole Commission did not provide a revocation hearing in a

timely manner.[2] Because the petitioner has been given both a probable cause and a parole

revocation hearing in a timely manner, the petitioner's petition for a writ of habeas corpus should

be summarily denied.

Although petitioner was arrested on the criminal charges on December 21, 2005 and a

parole violation warrant was lodged as a detainer, he was not arrested on the Commission's

warrant until November 20, 2006. See Exhibit Z-1. It is the execution of the parole violator

warrant that triggers any rights associated with that warrant, such as a parole hearing. See Moody

v. Daggett, 429 U.S. 78, 89 (1976) (petitioner is not entitled to a parole revocation hearing until

the warrant has been executed); Wells v. United States, 802 A.2d 352, 354 (D.C. 2002) (parole

officials not obligated to execute violator warrant while parolee serving unrelated state sentence);

Bennett v. Ridley, 633 A.2d 824, 827, n.2 (D.C. 1993) (upholding revocation hearing conducted

after the warrant was executed following the completion of an intervening sentence); Heath v.

U.S. Parole Comm'n., 526 F.Supp. 584, 585 (W.D.N.Y. 1981) (no constitutional violation to

---

[2]The Court has subject-matter and personal jurisdiction because the petitioner was
confined at the District of Columbia Correctional Treatment Facility at the time he filed his
petition. However, he named the wrong respondent; the proper respondent was Warden John
Caulfield of the Correctional Treatment Facility. See 28 U.S.C. § 2243; Blair-Bey v. Quick, 151
F.3d 1036, 1039 (D.C. Cir. 1998) ("When a prisoner seeks to challenge parole-related decisions,
the warden of the prison and not the U.S. Parole Commission is the prisoner's 'custodian.'");
Guerra v. Meese, 786 F.2d 414, 416 (D.C. Cir. 1986) (holding that "for purposes of challenging a
Parole Commission action on the sentence a prisoner is currently serving in a federal penal
facility, the warden of that facility is the prisoner's custodian within the meaning of 28 U.S.C. §§
2241-2243") (citations omitted); Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004) ("longstanding
practice confirms that in habeas challenges to present physical confinement – 'core challenges' –
the default rule is that the proper respondent is the warden of the facility where the prisoner is
being held, not the Attorney General or some other remote supervisory official") (citations
omitted). Accordingly, the Court should strike the U.S. Parole Commission and substitute
Warden Caulfield as the appropriate respondent.

delay parole revocation hearing until underlying criminal charges are resolved).

The petitioner was provided with a prompt probable cause hearing on November 24, 2006, within five days following the execution of the warrant in accordance with the Commission's regulations. See 28 C.F.R. Section 2.101(a) and Exhibit Z-2. Further, the Commission's regulation at 28 C.F.R. Sec. 2.102(f), states that a local revocation hearing shall be held no later than 65 days from the retaking of the parolee on the parole violation warrant. Thus, the petitioner was provided with a timely revocation hearing on January 22, 2007, within the 65-day time frame. See Exhibit AA.

In sum, the petitioner received timely probable cause and  parole revocation hearings. The Commission is scheduling a subsequent hearing to consider the petitioner's latest criminal charges, but a determination has been made to revoke the petitioner's parole based on the administrative charges. See Exhibit BB. Thus, there is no merit to petitioner's claim that he did not receive a timely probable cause or parole revocation hearing, and his petition should be summarily denied.

## CONCLUSION

Accordingly, for the foregoing reasons, the petitioner's petition for a writ of habeas corpus should be summarily denied.

A proposed Order is attached.

Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney
D.C. Bar Number 498-610

_____
                /s/ Robert D. Okun
ROBERT D. OKUN
Assistant United States Attorney
Chief, Special Proceedings Division
D.C. Bar Number 457-078

_____
                /s/ Sherri L. Berthrong
SHERRI L. BERTHRONG
Assistant United States Attorney
D.C. Bar No. 249-136
Sherri.Berthrong@usdoj.gov
Special Proceedings Division
555 4th Street, N.W., Room 10-450
Washington, D.C. 20530
(202) 514-6948

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the U.S. Parole Commission's Opposition has been
filed electronically with the Court and served by mail upon the petitioner, Billie Quick, DCDC
No. 178-316, D.C. Correctional Treatment Facility, 1901 E Street, S.E., Washington, D.C.
20003, this 15th day of February, 2007.

                /s/ Sherri L. Berthrong
Sherri L. Berthrong
Assistant United States Attorney

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **BILLIE QUICK,** | : | |
| **Petitioner** | : | **Civil Action No. 06-1841 (RMU)** |
| | : | |
| **v.** | : | |
| | : | |
| **U.S. PAROLE COMMISSION,** | : | |
| **Respondent** | : | |

## <u>ORDER</u>

Upon consideration of the Petitioner's Petition for a Writ of Habeas Corpus, United

States Parole Commission's Opposition to the Petitioner's Petition for a Writ of Habeas Corpus,

and for the reasons stated in the United States Parole Commission's Opposition, it is hereby

**ORDERED** that the show cause order as to the United States is discharged, and that

Petitioner's Petition for a Writ of Habeas Corpus is **DENIED**.

**SO ORDERED** this _____ day of _____, 2007.

_____
Ricardo M. Urbina
U.S. District Court Judge

Copies to:

Billie Quick
DCDC # 178-316
D.C. Correctional Treatment Facility
1901 E Street, S.E.
Washington, D.C. 20003

Sherri L. Berthrong
Assistant United States Attorney
Special Proceedings Division
555 4th Street, N.W., Room 10-450
Washington, D.C. 20530

# EXHIBIT A

DISTRICT OF COLUMBIA
DEPARTMENT OF CORRECTIONS
FACE SHEET No. 2

RECEIVED
PAROLE

Date Prepared
6/17/75
(Mo. Da. Yr.)

| Name (Last, First, Middle) | | | | | | Sex |
|---|---|---|---|---|---|---|
| QUICK, BILLY | | '75 APR 21 AM 11:01 | | | B | M |

| | Build | Eyes | Hair | Age | Birth Date | Place of Birth |
|---|---|---|---|---|---|---|

| | | | |
|---|---|---|---|
| **TOTAL SENT** | 3 to 9 YEARS LESS 59 DAYS | | |
| | ADW | CDW | ADW |
| | 53411-72A | 53411-72B | 53411-72C |
| Mos. Days | 1 to 3 Yrs Conc | 1 Year Conc | 2 to 6 Yrs Consec |
| Date Effected Day Yr. | 11/22/74 | 11/22/74 | 3/21/75 |
| Da. Yr. | | | 9/23/83 |
| Minimum/M.R. Date Mo. Da. Yr. | | | 5/12/81 |
| Parole Eligibility Date Mo. Da. Yr. | | | 9/23/77 |
| Full Supervision Date Mo. Da. Yr. | | | 3/27/83 |
| Statutory Good Time Days / Month | | | 864 |
| | | | |
| Committing Judge | | | |
| Defense Attorney | | | |
| Initialed By | | | |

| DETAINERS | | | | CONDUCT CREDITS | | | | |
|---|---|---|---|---|---|---|---|---|
| Date Filed | For | | Action | Date | Credits | Forfeit | Restore | Balance |
| | | | | | | | | |
| | | | | | | | | |

| JAIL CREDIT DATES | | | REMARKS |
|---|---|---|---|
| From and Including | To and Including | | |
| 6/21/74 | 7/11/74 – 21 DAYS | | |
| 10/15/74 | 11/21/74 – 38 " | | |
| | TOTAL – 59 DAYS | | |

YELLOW COPY TO ADP

A

**EXHIBIT B**

PB-18
(Revised 1/74)



## BOARD OF PAROLE

### DISTRICT OF COLUMBIA

### CERTIFICATE OF PAROLE

**ADULT**

The DISTRICT OF COLUMBIA BOARD OF PAROLE, having been advised that
_____Quick, Billy_____ D.C.D.C. **178316**_____ is eligible to be
PAROLED, and it being the opinion of the BOARD OF PAROLE that the above named will
remain at liberty without violating the law and that the release of the individual to supervision is
not incompatible with the welfare of society, it is ORDERED by the BOARD that the above
named be PAROLED on November 28, _____, 19 77, and that said person remain under
supervision within the limits of the Wash. Metro. Area_____ (including the District of
Columbia; Prince Georges and Montgomery Counties of Maryland; Arlington and Fairfax Counties
of Virginia, including the cities of Alexandria, Fairfax and Falls Church, Virginia) until
_____September 23, , 1983; unless or until other action is taken by the District of
Columbia BOARD OF PAROLE.

This action is subject to the above named individual's executing said certificate and agree-
ing to abide by and comply fully with all of the conditions of parole as shown on the reverse side
of this CERTIFICATE.

Given under the hands and seal of the BOARD this_____27th_____day
of ____October_____, 19 77.

Released by Parole 11-28-77-

JOHN NOBLE
Administrator
Minimum Security Facility

B

## STATEMENT OF THE CONDITIONS UNDER WHICH YOUR PAROLE IS GRANTED

This certificate of parole shall not become operative until the following conditions are agreed to by you

1. I will report immediately upon my release to_____ _____ _____ ___ _____ Department of Corrections, Room_____, for my final instructions.

2. I will not go outside the parole limits fixed in the certificate of parole without first obtaining the approval of my Parole Officer.

3. I will not visit or frequent any illegal establishments including places where alcoholic beverages are unlawfully sold, dispensed or used.

4. I will not illegally possess, use, sell, or purchase any narcotic drug, controlled dangerous substance or related paraphernalia. Nor will I frequent or visit places where any narcotic drug, controlled substance or related paraphernalia are illegally sold, dispensed, used or given away.

5. I will not own, possess, use, sell or have under my control any deadly weapon or firearms.

6. I will make diligent efforts to find and maintain legitimate employment and will support myself and legal dependents to the best of my ability.

7. I will keep my Parole Officer informed at all times as to where I reside and work; and that in the event I lose my employment or change my place of residence, I will immediately notify my Parole Officer

8. I will not enter into any agreement to act as an informer or special agent for any law enforcement agency.

9. I will obey all laws and will personally report to my Parole Officer, at my earliest opportunity, any arrest or other involvement with law enforcement authorities.

10. I will cooperate fully with the Board and those responsible for my supervision. I will carry out the instructions of my Parole Officer and report as he directs and failure to do so may, in the discretion of the Board of Parole be sufficient to cause my return to the institution.

I have read or had read to me the conditions of my release and understand that my failure to comply with anyone of them may be considered a violation of my release for which I am subject to be returned as a violator.

| Billy Quick | 178-316 | 11-25-77 |
|---|---|---|
| Signature of Parolee | DCDC | Date |
| R. H. Leed | Cont. Official | 11/25/77 |
| Signature of Witness | Title | Date |

(Revised January 1974)

**EXHIBIT C**

January 4, 1979

DETAINER REVIEW

QUICK, Billy, DCDC 178316

Billy Quick is in the service of 3 to 9 years for ADW, CDW, ADW and Escape having been released on parole 11-2 8-77 with a full term of 9-23-83.

His adjustment was described as poor. He would not adher to employment and left the jurisdiction without permission and going to North Carolina. Because of this a warrant was requested in a memorandum dated 1-6-78, and the Board on 2-7-78 issued a warrant to be executed. Supervision advised us in a memorandum dated 7-5-78 the subject had been incarcerated on 4-5-78 in Scotland County Jail, North Carolina for Rape. On 6-22-78 the Board ordered the warrant changed to a detainer in Wagram County where it was to be lodged against the subject.

In a letter dated 8-1-78 from the North Carolina Department of Corrections under signature of Jerry E. Harper, Sr., we were advised that the subject was admitted on 5-1-78 to serve a 6 year term on one count of Breaking and Entering and two counts of Assault on Female, minimum sentence is two years, release date 2-22-82 and parole eligibility date is 6-17-79. The report indicated that the subject was working in the kitchen and doing a good job. He was considered a good inmate and not a management problem. The Board was asked to lift the detainer because of the sentence the subject was serving in that state.

On 10-24-78, Mr. Harper re-contacted us with reference to the present status of the detainer.

In consideration of the above, it is recommended that the detainer be continued in effect and reviewed in December, 1979 with updated progress report.

George B. Jones
Hearing Examiner

GBJ/sds

C

**EXHIBIT D**

PB-3

GOVERNMENT OF THE DISTRICT OF COLUMBIA
**BOARD OF PAROLE**
WASHINGTON, D.C. 20001



# Order

Name _Quick, Billy_

DCDC Number _178316_

Institution [or status and PO] _May (D. Davis)_

The case of the above-named has come to the attention of the Board of Parole on the basis of:

- [ ] abeyance case
- [ ] advance in [re] hearing date
- [ ] advance in release date
- [ ] application [or eligibility] for parole
- [ ] arrest
- [ ] change in plan
- [ ] CTC violation
- [ ] death
- [ ] deferrment in release date
- [ ] discharge from supervision
- [ ] information _____
- [ ] initial hearing
- [ ] mandatory release violation
- [ ] parole violation
- [ ] personal appearance
- [ ] 5010e study
- [x] OTHER: _Detainer_

- [ ] preliminary interview
- [ ] preparole investigation
- [ ] progress report dated _____
- [ ] recommendation of Examiner
- [ ] reconsideration of warrant
- [ ] reduction in minimum sentence
- [ ] request for marriage
- [ ] request for warrant
- [ ] review of psychiatric report
- [ ] review hearing
- [x] revocation hearing
- [x] Shaw Residence violation
- [ ] transfer of jurisdiction
- [ ] unconditional discharge & conviction set aside
- [ ] Work Release violation

REMARKS: _#2, #6, #7, #9, #10_

ANALYST'S RECOMMENDATION _____

_____

The Board in its offices in Washington, D.C. has carefully examined all the information and evidence at its disposal in relation to the above-named, and the following action with regard to parole, parole status, or mandatory release status is hereby ordered:

Condition or remarks: _Revoke Parole; Rehear 9-81_

Date _3-4-81_        District of Columbia Board of Parole:

CHAIRMAN

**EXHIBIT E**

PD 18
(Revised 7/79)

# BOARD OF PAROLE

## DISTRICT OF COLUMBIA

### CERTIFICATE OF PAROLE

### ADULT

The DISTRICT OF COLUMBIA BOARD OF PAROLE, having been advised that
BILLY QUICK _____ D.C.D.C. 178 316 _____ is eligible to be

Re- PAROLED, and it being the opinion of the BOARD OF PAROLE that the above named will

remain at liberty without violating the law and that the release of the individual to supervision is

not incompatible with the welfare of society, it is ORDERED by the BOARD that the above

named be PAROLED on NOVEMBER 25, _____ , 1981 , and that said person remain under

supervision within the limits of the WASH AREA _____ (including the District of

Columbia; Prince Georges and Montgomery Counties of Maryland; Arlington and Fairfax Counties

of Virginia; including the cities of Alexandria, Fairfax and Falls Church, Virginia) until

NOVEMBER 20, _____ , 1985 ; unless or until other action is taken by the District of

Columbia BOARD OF PAROLE.

This action is subject to the above named individual's executing said certificate and agree-

ing to abide by and comply fully with all of the conditions of parole as shown on the reverse side

of this CERTIFICATE.

Given under the hands and seal of the BOARD this _____ 1st _____ day

of _____ OCTOBER _____ , 1981 .

The above-named was released on
the 25 day of November , 19 81 .

Samuel E. Rosser, Minimum Security FAcility
Administrator            D.C. Dept. of Corrections _____
Lorton Va.

## STATEMENT OF THE CONDITIONS UNDER WHICH YOUR PAROLE IS GRANTED

This certificate of parole shall not become operative until the following conditions are agreed to by you.

1. I will report immediately upon my release to **1010 North Capitol St., N.W.**
   Department of Corrections, Room_____, for my final instructions.

2. I will not go outside the parole limits fixed in the certificate of parole without first obtaining the approval of my Parole Officer.

3. I will not visit or frequent any illegal establishments including places where alcoholic beverages are unlawfully sold, dispensed or used.

4. I will not illegally possess, use, sell, or purchase any narcotic drug, controlled dangerous substance or related paraphernalia. Nor will I frequent or visit places where any narcotic drug, controlled substance or related paraphernalia are illegally sold, dispensed, used or given away.

5. I will not own, possess, use, sell or have under my control any deadly weapon or firearms.

6. I will make diligent efforts to find and maintain legitimate employment and will support myself and legal dependents to the best of my ability.

7. I will keep my Parole Officer informed at all times as to where I reside and work; and that in the event I lose my employment or change my place of residence, I will immediately notify my Parole Officer.

8. I will not enter into any agreement to act as an informer or special agent for any law enforcement agency.

9. I will obey all laws and will personally report to my Parole Officer, at my earliest opportunity, any arrest or other involvement with law enforcement authorities.

10. I will cooperate fully with the Board and those responsible for my supervision. I will carry out the instructions of my Parole Officer and report as he directs and failure to do so may, in the discretion of the Board of Parole be sufficient to cause my return to the institution.

I have read or had read to me the conditions of my release and understand that my failure to comply with anyone of them may be considered a violation of my release for which I am subject to be returned as a violator.

| | | |
|---|---|---|
| _Billy Quick_ | _178-316_ | _11-24-81_ |
| Signature of Parolee | DCDC | Date |
| _Rell_ | _Parole Off._ | _11/24/81_ |
| Signature of Witness | Title | Date |

(Revised January 1974)

**EXHIBIT F**

Conf

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
District of Columbia

Case No. *7 156 - 82*

vs.

PDID No. _____

*Billie Brooks n/k/a*
*Henry Ferguson*

### JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☒ Guilty to the Charge(s) of ___
*2 - Unlawful Possession with*
*Intent to Distribute a Controlled Su__*

and having been found guilty by ☐ Jury ☒ Court, it is hereby ORDERED that the defendant has been
victed of and is guilty of the offense(s) charged, and is hereby SENTENCED to _____
*Not less than Twenty one one to*
*fifty one sentence of Sen__*
*suspended as to all but two__*
*months, supervised Probation the*
*offenses.*

☒ ORDERED that the defendant is committed to the custody of the Attorney General for imprisonmen
the period imposed above.

☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Divi:
and it is further ORDERED that while on probation the defendant observe the following marked condit
on probation:

- ☐ Observe the general conditions of probation listed on the back of this order
- ☒ Obtain a job as soon as possible or continue your present employment.
- ☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance
  written notice from your Probation Officer.
- ☒ Treatment for ☒ alcohol problems ☐ drug dependency or abuse as follow:

- ☐ Restitution of $_____ in monthly installments of $_____ begin
  _____ (see reverse side for payment instructions). The C
  will distribute monies to _____
- ☐ *Current Home only School Child__*

Costs in the aggregate amount of $ *50.00* have been assessed under the Victims of Violent C
Compensation Act of 1981, and ☐ have ☒ have not been paid.

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that
copy shall serve as the commitment/order for the defendant.

*9-28-83*
_____                           _____
Date                                        Judge

Certification by Clerk pursuant to Criminal Rule 32(d).

RECEIVED
RECORDS
RETENTION
'83 SEP 28 P5:11
(SOCIAL SERVICES)

F

**EXHIBIT G**

PB-3
REV. 8 - 81

GOVERNMENT OF THE DISTRICT OF COLUMBIA
**BOARD OF PAROLE**
WASHINGTON, D.C. 20001



# Order

Name _Quick, Billy_

DCDC Number _178 318_

Institution (or status and PO) _Comply / Peace_

The case of the above named person has come to the attention of the Board of Parole with reference to:

- ☐ Early parole hearing
- ☐ Initial parole hearing
- ☐ Parole rehearing / IRH
- ☐ Preliminary revocation hearing
- ☐ Revocation hearing
- ☑ Other: _Disposition of Charge_

- ☐ Warrant request
- ☐ Detainer review
- ☐ Personal appearance
- ☐ Work release violation
- ☐ Information

REMARKS: _War. Iss. 3/82' eff 6/83' 8/83 Revoc hear Cont case for dispo of Charge' 9/28 Guilty. Sentence to 20-60 mos suspended all but 1 mos w/ 3 yrs prob._

RECOMMENDATION OF ANALYST / EXAMINER _Revoke Parole & Sch. Rehearing un 5/83 9 mos from Revoc hear_

The Board of Parole has examined the relevant information in this case and hereby orders the following action:

_Revoke Parole & Schedule Rehearing un May 1984_

Date _10-17-83_    District of Columbia Board of Parole:

_Benign Junt_
Chairman

_John L. Segar_

Reason for the above action (where applicable):

_____ (N / A date _10│18│83_ by _FU_ )

**EXHIBIT H**

PB-18
(Revised 10/81)

# BOARD OF PAROLE
## DISTRICT OF COLUMBIA
## CERTIFICATE OF PAROLE

### ADULT

The DISTRICT OF COLUMBIA BOARD OF PAROLE, having been advised that

_____QUICK, BILLY_____ D.C.D.C. ___178-316_____ is eligible to be

RE
PAROLED, and it being the opinion of the BOARD OF PAROLE that the above-named will

remain at liberty without violating the law and that the release of the individual to supervision

is not incompatible with the welfare of society, it is ORDERED by the BOARD that the above-

named be ^RE^PAROLED on ____April   12_____, 19_84_, and that said person remain under

supervision within the limits of the _____Dept. of Corrections_____ (~~including the District of~~

~~Columbia, Prince Georges and Montgomery Counties of Maryland, Arlington and Fairfax~~

~~Counties of Virginia, including the cities of Alexandria, Fairfax, and Falls Church, Virginia~~)

until ____June   8_____, 19_88_; unless or until other action is taken by the District

of Columbia BOARD OF PAROLE.

This action is subject to the above-named individual's signing an agreement to abide

by and comply with all of the conditions of parole as shown on the reverse side of this

CERTIFICATE.

Given under the hands and seal of the BOARD this _____12th_____ day

of ____April_____, 19_84_.

Reparole from revocation time to consecutive
sentence.

The above-named was released on
the 12 day of April_____, 1984.

_____
Administrator

If subject is released from your custody prior to November 20, 1985 he is to report to Parole
supervision, 1923 Vermont Ave., N.W., Wash., D.C.

81—P5804



## STATEMENT OF THE CONDITIONS UNDER WHICH YOUR PAROLE IS GRANTED:

1.  I will report immediately upon my release to _____
    Department of Corrections, Room _____, for my final instructions.

2.  I will not go outside the parole limits fixed in the Certificate of Parole without first obtaining the approval of my Parole Officer.

3.  I will not visit or frequent any illegal establishments including places where alcoholic beverages are unlawfully sold, dispensed or used.

4.  I will not illegally possess, use, sell, or purchase any narcotic drug, controlled dangerous substance or related paraphernalia.  Nor will I frequent or visit places where any narcotic drug, controlled substance or related paraphernalia is illegally sold, dispensed, used or given away.

5.  I will not own, possess, use, sell or have under my control any deadly weapon or firearms.

6.  I will make diligent efforts to find and maintain legitimate employment and will support myself and legal dependents to the best of my ability.

7.  I will keep my Parole Officer informed at all times as to where I reside and work; and, in the event that I lose my employment or change my place of residence, I will immediately notify my Parole Officer.

8.  I will not enter into any agreement to act as an informer or special agent for any law enforcement agency.

9.  I will obey all laws and will personally report to my Parole Officer, at my earliest opportunity, any arrest or other involvement with law enforcement authorities.

10.  I will cooperate fully with the Board and those responsible for my supervision.  I will carry out the instructions of my Parole Officer and report as directed, knowing that failure to do so may, at the discretion of the Board of Parole, be sufficient to cause my return to the institution.


I have read or had read to me the conditions of my release and understand that my failure to comply with any one of them may be considered a violation of my release for which I am subject to be returned as a violator.  I hereby agree to abide by and comply with all of the conditions of parole as stated above.

| _Billy Quick_ | _178-316_ | _4-26-84_ |
| Signature of Parolee | D.C.D.C. | Date |

| _Edward H. Oakey_ | _CJP_ | _4-26-84_ |
| Signature of Witness | Title | Date |

**EXHIBIT I**



5, 7, 9, 10, Spe Cond

Government of the District of Columbia
**DEPARTMENT OF CORRECTIONS**
Community Services Division
Parole Supervision
1923 Vermont Avenue, N.W.
Suite N-102
Washington, D.C. 20001



JUL 1985
**RECEIVED**

June 27, 1985

MEMORANDUM TO THE BOARD:

RE: Quick, Billy
DCDC: #178 316
DOB:
MPD: 264 014
FBI: Unknown

SUBJECT: <u>Arrest and Disposition</u>

Your attention is respectfully directed to our Memorandum, Request for Warrant-Technical (Loss of Contact), dated May 21, 1985 at which time it was reported that the subject was in violation of Rules #7, #10 and his special condition of parole. Action of the Board dated June 3, 1985 stated "Issue warrant to be executed."

Please be advised that the subject was arrested on June 19, 1985 and charged with the offenses of ADW-Razor. His case was no papered. Subject is confined at the Central Detention Facility.

Regarding the subject's pending offense of Simple Assault, case number M-1586-84, on May 6, 1985 he pled guilty to the offense of Possession of a Prohibited Weapon-Knife. He was sentenced to a term of one year probation.

In view of the foregoing, the subject is in violation of the following conditions of parole:

1. Subject is in violation of Rule #5, in that, he had weapon, knife, in his possession on December 22, 1984.

2. Subject is in violation of Rule #9, in that, he failed to obey all laws and pled guilty to the offense of Possession of a Prohibited Weapon-Knife on May 6, 1985.

Respectfully submitted,

APPROVED:

*Wilbert Goff*
Wilbert Goff
Parole Officer

Elias E. Kibler
Chief Parole Officer
Deputy Compact Administrator
Parole Division

*Eugene Tucker*
Eugene Tucker
Supervisory Parole Officer

WG/as

PS-35A

**EXHIBIT J**

PB-3
REV. 8 - 81
85 — 9P758

GOVERNMENT OF THE DISTRICT OF COLUMBIA
BOARD OF PAROLE
WASHINGTON, D.C. 20001

# Order



Name *Quick, Billy*

DCDC Number *178 316*

Institution (or status and PO) *Occ. 2*

The case of the above named person has come to the attention of the Board of Parole with reference to:

- ☐ Early parole hearing
- ☐ Initial parole hearing
- ☐ Parole rehearing / IRH
- ☐ Preliminary revocation hearing
- ☐ Revocation hearing

- ☐ Warrant request
- ☐ Detainer review
- ☐ Personal appearance
- ☐ Work release violation
- ☐ Information

☐ Other: _____

REMARKS: _____

_____

RECOMMENDATION OF ANALYST / EXAMINER _____

_____

The Board of Parole has examined the relevant information in this case and hereby orders the following action:

*Revoke Parole #5-9-10, Rehear*
*4-86. Request notification of*
*Disposition of pending charge.*

Date *8-7-85*    District of Columbia Board of Parole:

_____
Chairman

*Bernice Just*

Reason for the above action (where applicable): _____

_____

_____ (N / A date *9-12-85* by *FH* )

**EXHIBIT K**

FP-18
(Revised 10/81)

# BOARD OF PAROLE
## DISTRICT OF COLUMBIA
## CERTIFICATE OF PAROLE

### ADULT

The DISTRICT OF COLUMBIA BOARD OF PAROLE, having been advised that _____ Quick, Billy _____ D.C.D.C. 178 316 _____ is eligible to be REPAROLED, and it being the opinion of the BOARD OF PAROLE that the above-named will remain at liberty without violating the law and that the release of the individual to supervision is not incompatible with the welfare of society, it is ORDERED by the BOARD that the above-named be REPAROLED on _____ April 25 _____, 19 86, and that said person remain under supervision within the limits of the _____ Washington Metro Area _____ (including the District of Columbia; Prince Georges and Montgomery Counties of Maryland; Arlington and Fairfax Counties of Virginia, including the cities of Alexandria, Fairfax and Falls Church, Virginia) until _____ May 2 _____, 19 89; unless or until other action is taken by the District of Columbia BOARD OF PAROLE.

This action is subject to the above-named individual's signing an agreement to abide by and comply with all of the conditions of parole as shown on the reverse side of this CERTIFICATE.

Given under the hands and seal of the BOARD this _____ 31st _____ day of _____ March _____, 19 86.

Special Conditions: Alcohol abstinence and participate in outpatient alcohol treatment program.

The above-named was released on the _____ day of _____, 19___.

_____
        Administrator

81—P5804

**EXHIBIT L**

90 MPD

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**

United States of America
District of Columbia

vs.

BILLIE QUICK AKA
HENRY PEARSON

Case No. F 4935-86 (B)

PDID No. 264 014

**JUDGMENT AND COMMITMENT/PROBATION ORDER**

The above-named defendant having entered a plea of ☐ Not Guilty ☒ Guilty to the Charge(s) of _____
-B'- UNLAWFUL DISTRIBUTION OF A CONTROLLED SUBSTANCE
(DREWDIN)

and having been found guilty by ☐ Jury ☒ Court, it is hereby ORDERED that the defendant has been convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to THE
MANDATORY MINIMUM SENTENCE OF (20) Twenty
MONTHS TO (5) FIVE YEARS

☒ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for the period imposed above.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and supervision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803[b] of the D.C. Code [Youth Rehabilitation Act 1985].

☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division, and it is further ORDERED that while on probation the defendant observe the following marked conditions of probation:

☐ Observe the general conditions of probation listed on the back of this order.

☐ Obtain a job as soon as possible or continue your present employment.

☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer.

☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows:

_____

☐ Restitution of $_____ in monthly installments of $_____ beginning
_____ (see reverse side for payment instructions). The Court
will distribute monies to _____

☐ _____

Costs in the aggregate amount of $ 20.00 have been assessed under the Victims of Violent Crime Compensation Act of 1981, and ☐ have ☒ have not been paid.

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the copy shall serve as the commitment/order for the defendant.

7-20-87
Date

_____ Judge

Certification by Clerk pursuant to Criminal Rule 32(d).

7-20-87
Date

_____ Deputy Clerk

Original — Court
Blue — Jail
Green — Defendant
Canary — Social Services

Pink — Mayor's Office
Goldenrod — U.S. Attorney/Corporation Counsel
Goldenrod — Defense Attorney
Goldenrod — Bureau of Prison's

Form CDI(b)-1040/Feb. 86

86-p1760 wd 60

PSI WAIVED

**EXHIBIT M**

90  MCD

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**

United States of America
District of Columbia

Case No. _F 6793-87(c)_

vs.

PDID No. _264 014_

Blue Quick AKA
Henry Pearson

**JUDGMENT AND COMMITMENT/PROBATION ORDER**

The above-named defendant having entered a plea of ☐ Not Guilty ☒ Guilty to the Charge(s) of _____

_SC' - Bail Reform Act_ _____

and having been found guilty by ☐ Jury ☒ Court, it is hereby ORDERED that the defendant has been con-
victed of and is guilty of the offense(s) charged, and is hereby SENTENCED to _____

_(90) Ninety Days Consecutive To F 4935-86_

☒ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for
the period imposed above.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and
supervision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803[b] of the D.C.
Code [Youth Rehabilitation Act 1985].

☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division,
and it is further ORDERED that while on probation the defendant observe the following marked conditions
of probation:

☐ Observe the general conditions of probation listed on the back of this order.

☐ Obtain a job as soon as possible or continue your present employment.

☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with
written notice from your Probation Officer.

☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows:

☐ Restitution of $_____ in monthly installments of $_____ beginning
_____ (see reverse side for payment instructions). The Court
will distribute monies to _____

☐ _____

Costs in the aggregate amount of $ _10.00_ have been assessed under the Victims of Violent Crime
Compensation Act of 1981, and ☐ have ☒ have not been paid.

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the
copy shall serve as the commitment/order for the defendant.

_7-20-87_
Date

_____
Judge

Certification by Clerk pursuant to Criminal Rule 32(d)

_7-20-87_
Date

_____
Deputy Clerk

Original — Court                      Pink — Mayor's Office
Blue — Jail                          Goldenrod — U.S. Attorney/Corporation Counsel
Green — Defendant                    Goldenrod — Defense Attorney
Canary — Social Services             Goldenrod — Bureau of Prison's

Form CD18-1040/Feb. 86                                    86—p1760 wd-50

PSI WAIVED          M

# **EXHIBIT N**

PB-18
(Revised 10/81)

# BOARD OF PAROLE
## DISTRICT OF COLUMBIA
### CERTIFICATE OF PAROLE

### ADULT

The DISTRICT OF COLUMBIA BOARD OF PAROLE, having been advised that _____ **Quick, Billy** _____ D.C.D.C. _ **178-316A** _ is eligible to be PAROLED, and it being the opinion of the BOARD OF PAROLE that the above-named will remain at liberty without violating the law and that the release of the individual to supervision is not incompatible with the welfare of society, it is ORDERED by the BOARD that the above-named be PAROLED on _ **August 25** _, 19 **87**, and that said person remain under supervision within the limits of the _ **Dept. of Corrections** _ (including the District of Columbia; Prince Georges and Montgomery Counties of Maryland; Arlington and Fairfax Counties of Virginia, including the cities of Alexandria, Fairfax and Falls Church, Virginia) until _ **May 2** _, 19 **89**; unless or until other action is taken by the District of Columbia BOARD OF PAROLE.

This action is subject to the above-named individual's signing an agreement to abide by and comply with all of the conditions of parole as shown on the reverse side of this CERTIFICATE.

Given under the hands and seal of the BOARD this _ **18th** _ day of _ **August** _, 19 **87**.

The above-named was released on the _____ day of _____, 19___.

_____
Administrator

**If subject is released prior to May 2, 1989, he is to report immediately to parole supervision, 1111 "K" Street, N.W., Washington, DC, suite 600**

81—P5804

**EXHIBIT O**

PB-16
(Revised 10/81)

# BOARD OF PAROLE
# DISTRICT OF COLUMBIA
# CERTIFICATE OF PAROLE

## ADULT

Adult Certificate #9267-91

The DISTRICT OF COLUMBIA BOARD OF PAROLE, having been advised that

AKA-QUICK, Billy/PERSON, Henry _____ D.C.D.C. __178 316__ is eligible to be

PAROLED, and it being the opinion of the BOARD OF PAROLE that the above-named will

remain at liberty without violating the law and that the release of the individual to supervision

is not incompatible with the welfare of society, it is ORDERED by the BOARD that the above-

named be PAROLED on __March 6_____, 19__91__, and that said person remain under

supervision within the limits of the __Washington Metro Area__ (including the District of

Columbia; Prince Georges and Montgomery Counties of Maryland; Arlington and Fairfax

Counties of Virginia, including the cities of Alexandria, Fairfax and Falls Church, Virginia)

until __February 21_____, 19__93__; unless or until other action is taken by the District

of Columbia BOARD OF PAROLE.

This action is subject to the above-named individual's signing an agreement to abide

by and comply with all of the conditions of parole as shown on the reverse side of this

CERTIFICATE.

Given under the hands and seal of the BOARD this __14th_____ day

of __November_____, 19__90__.

The above-named was released on

the _____ day of _____, 19_____.

_____
Administrator



B-3469



## STATEMENT OF THE CONDITIONS UNDER WHICH YOUR PAROLE IS GRANTED:

Mr. Wilbert Goff, 1339 Green Court, NW.

1. I will report immediately upon my release to Washington, D.C., Telephone #727-5130 Department of Corrections, Room _____, for my final instructions.

2. I will not go outside the parole limits fixed in the Certificate of Parole without first obtaining the approval of my Parole Officer.

3. I will not visit or frequent any illegal establishments including places where alcoholic beverages are unlawfully sold, dispensed or used.

4. I will not illegally possess, use, sell, or purchase any narcotic drug, controlled dangerous substance or related paraphernalia. Nor will I frequent or visit places where any narcotic drug, controlled substance or related paraphernalia is illegally sold, dispensed, used or given away.

5. I will not own, possess, use, sell or have under my control any deadly weapon or firearms.

6. I will make diligent efforts to find and maintain legitimate employment and will support myself and legal dependents to the best of my ability.

7. I will keep my Parole Officer informed at all times as to where I reside and work; and, in the event that I lose my employment or change my place of residence, I will immediately notify my Parole Officer.

8. I will not enter into any agreement to act as an informer or special agent for any law enforcement agency.

9. I will obey all laws and will personally report to my Parole Officer, at my earliest opportunity, any arrest or other involvement with law enforcement authorities.

10. I will cooperate fully with the Board and those responsible for my supervision. I will carry out the instructions of my Parole Officer and report as directed, knowing that failure to do so may, at the discretion of the Board of Parole, be sufficient to cause my return to the institution.

Special Conditions: Narcotics surveillance, alcohol abstention, payment of $30.00 VVCC.

I have read or had read to me the conditions of my release and understand that my failure to comply with any one of them may be considered a violation of my release for which I am subject to be returned as a violator. I hereby agree to abide by and comply with all of the conditions of parole as stated above.

| | | |
|---|---|---|
| Signature of Parolee | D.C.D.C. | Date |

| | | |
|---|---|---|
| Signature of Witness | Title | Date |

**EXHIBIT P**

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**

United States of America
District of Columbia

vs.

BILLIE QUICK

Case No. F10725-91

PDID No. 264-014

MOD 97

## JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☒ Guilty to the Charge(s) of _____

COUNT D - DISTRIBUTION OF COCAINE

and having been found guilty by ☐ Jury ☒ Court, it is hereby ORDERED that the defendant has been convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to COUNT D - NO LESS THAN SEVEN YEARS, NO MORE THAN TWENTY-ONE YEARS, TO RUN CONCURRENT WITH F10339-91, CONSECUTIVE TO ANY OTHER SENTENCE.

☒ MANDATORY MINIMUM term of SEVEN (7) YEARS applies to the sentence imposed.

☐ MANDATORY MINIMUM term does not apply.

☒ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for the period imposed above.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and supervision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803[b] of the D.C. Code [Youth Rehabilitation Act 1985].

☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division, and it is further ORDERED that while on probation the defendant observe the following marked conditions of probation:

☐ Observe the general conditions of probation listed on the back of this order.

☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer.

☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows: _____

☐ Restitution of $_____ in monthly installments of $_____ beginning _____ (see reverse side for payment instructions). The Court will distribute monies to _____

☐ _____

Costs in the aggregate amount of $ 20.00 have been assessed under the Victims of Violent Crime Compensation Act of 1981, and ☐ have ☒ have not been paid TO BE TAKEN FROM JAIL PAY

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the copy shall serve as the commitment/order for the defendant.

3/12/92
Date

Judge

Certification by Clerk pursuant to Criminal Rule 32(d):

3-12-92
Date

Deputy Clerk

PSI ATTACHED

Form CDU10-1040/Aug. 87

# **EXHIBIT Q**

    

# The Board of Parole
## of the
# District of Columbia
## NOTICE OF BOARD ORDER

Order # 1 of 1

In reference to:

DCDC 178-316    NAME  BILLY  QUICK

DOB  ███████    SSN  ████████    LOCATION  NEW JAIL

DOCKET  D9201-0073    CONSIDERATION TYPE  N:REV CONT

The District of Columbia Board of Parole issues the following **ORDER**:

REVOKE PAROLE FOR CRIMINAL AND NONCRIMINAL VIOLATIONS;
RELEASE AT MANDATORY DATE

Implementation of this Order shall include the following:
No Special Conditions or Instructions at this time.

Remarks:

ILLEG POSS CONTROL-DANGER SUBSTANCE
FAILED TO OBEY ALL LAWS
FAILED TO REPORT AS DIRECTED

*Eriss Athyman* 4

04/03/1992
—————————
Date

—————————————————
Chairman
on behalf of the Board of Parole

Seal

[ Parole Determination File ]

NOA Date  *4-10-92*  by  *C Clayton*

*F H*
*4-8-92*

**EXHIBIT R**



**U.S. Department of Justice**
**United States Parole Commission**

# CERTIFICATE OF PAROLE
### District of Columbia Offender

Know All Men By These Presents:

It having been made to appear to the United States Parole Commission that **QUICK, Billy, REG No. 00178+316**, (DCDC No. 178-316), is eligible to be paroled, and that there is a reasonable probability that the prisoner will live and remain at liberty without violating the law, and that his release is not incompatible with the welfare of society, it is ORDERED by the said United States Parole Commission that said prisoner be paroled on **April 18, 2000**, and that said prisoner is to remain within the limits of **the Washington, D.C. Metropolitan Area** (including the District of Columbia; Prince Georges and Montgomery Counties of Maryland; Arlington and Fairfax Counties of Virginia, including the cities of Alexandria, Fairfax, and Falls Church, Virginia) to and including **August 23, 2014**.

Given under the hands and the seal of the United States Parole Commission on **April 14, 2000**.
UNITED STATES PAROLE COMMISSION

**By: Mary Jo Williams, Case Analyst**
Docket/Case Number:  **F-6793-87c, F-4935-86b, F-10725-91d and F-10339-91d**

**Acknowledgement of Release Conditions:**
I have read, or had read to me, the conditions of release printed on the attached Conditions of Release form and received a copy thereof. I fully understand them and know that if I violate any, I may be recommitted.

**Consent to the Disclosure of Drug/Alcohol Treatment Information:**
By signing this Parole Certificate, I consent to the unrestricted communication between any treatment facility administering a drug or alcoholic treatment program in which I am, or will be participating, and the Parole Supervision Services Division of the District of Columbia Board of Parole. I further consent to the disclosure by such facility to the Parole Supervision Services Division of any information requested, and the redisclosure of such information to any agencies that require it for the performance of their official duties. This consent shall be irrevocable until the termination of parole supervision.

_Billy Quick_ _____     _178-316_ _____
              Name                                        DCDC No.

Witnessed: _Bernard P. Jess   Casemanager_  _04-18-2000_
              Name and Title                              Date

The above-named person was released on the _18th_ day of _April_ _2000_ with a total of
_5,235_ days remaining to be served.

_____
Official Certifying Release

Page 1 of 4                           QUICK.178



This CERTIFICATE will become effective on the day of release indicated above. If the releasee fails to comply with any of the conditions listed on the attached page, the releasee may be summoned to a hearing or retaken on a warrant and reimprisoned pending a hearing to determine if the release should be revoked.

## CONDITIONS OF RELEASE

1. You shall go directly to the District of Columbia (unless released to the custody of other authorities) and immediately report in-person to the Parole Supervision Services Division of the District of Columbia Board of Parole *(300 Indiana Avenue, NW, Suite 2134, Washington, DC 20001.)*
2. If you are released to the custody of other authorities, immediately after your release from the custody of such authorities, you shall report in person to the Parole Supervision Services Division at the above address. If you are released to the community by an institution more than fifty miles from the District of Columbia, you shall report in person to the Parole Supervision Services Division within three days.
3. You shall not leave the geographic limits fixed by the certificate of release without written permission from your Supervision Officer.
4. You will not visit or frequent any illegal establishments including places where alcoholic beverages are unlawfully sold, dispensed, or used.
5. You shall make a complete and truthful written report (on a form provided for that purpose) to your Supervision Officer between the first and third day of each month, and on the final day of parole. You shall also report to your Supervision Officer at other times as your Supervision Officer directs, providing complete and truthful information.
6. You shall not violate any law. You shall not associate with persons engaged in criminal activity. You shall get in touch within 2 days with your Supervision Officer if you are arrested or questioned by a law-enforcement officer.
7. You shall not enter into any agreement to act as an informer or special agent for any law-enforcement agency without permission from your Supervision Officer.
8. You shall work regularly unless excused by your Supervision Officer, and support your legal dependents, if any, to the best of your ability. You shall report within 2 days to your Supervision Officer any changes in employment. You shall notify your Supervision Officer within 2 days of any change in your place of residence.
9. You shall not drink alcoholic beverages to excess. You shall not purchase, possess, sell, manufacture, use, or distribute any controlled substance or drug paraphernalia unless such usage is pursuant to a lawful order of a practitioner and you promptly notify your Supervision Officer of same. You shall not frequent places where such drugs are illegally sold, dispensed, used or given away.
10. You shall not own, possess, use, sell, or have under your control any firearm, ammunition, or other dangerous weapons.
11. You shall permit confiscation by your Supervision Officer of any materials which your Supervision Officer believes may constitute contraband in your possession and which your Supervision Officer observes in plain view in your residence, place of business or occupation, vehicle(s) or on your person.
12. You shall make a diligent effort to satisfy any fine, restitution order, court costs or assessment, and/or court ordered child support or alimony payment that has been, or may be, imposed, and shall provide such financial information as may be requested, by your Supervision Officer, relevant to the payment of the obligation. If unable to pay the obligation in one sum, you will cooperate with your Supervision Officer in establishing an installment payment schedule.
13. You shall be screened for the presence of controlled substances by appropriate tests as may be required by the Board of Parole or the Supervision Officer.
14. You shall cooperate fully with the Board of Parole and those responsible for your supervision. You shall carry out the instructions of your Supervision Officer and report as directed, knowing that failure to do so may, at the discretion of the Board of Parole, be sufficient to cause your return to the institution.
15. The U.S. Parole Commission may add to, modify, or delete any condition of parole at any time prior to the release of the offender. Following delivery of the parole or mandatory release certificate, such jurisdiction is vested in the Board of Parole of the District of Columbia until that jurisdiction is transferred to the U.S. Parole Commission on or before August 5, 2000.
16. If you have been convicted of any sexual offense under District of Columbia or federal law (including the Uniform Code of Military Justice), you must report for registration with your state sex offender registration agency as directed by your U.S. Probation Officer. You are required to report for registration in any state in which you live, work, attend school, or pursue any vocation. You must be registered in compliance with applicable state law that applies to current or prior federal, state, or local convictions for sexual offenses. In addition, 42 U.S.C. § 14072(i) makes it a federal crime for any offender covered by 18 U.S.C. § 4042 to fail to register in accordance with state law. If there is any question as to whether or where you are required to register, you must seek and follow the guidance of your U.S. Probation Officer.

**You shall also abide by the special condition(s) as indicated below :**
You shall be subject to the Special Drug Aftercare Condition. You shall participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency, which may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and/or all other intoxicants during and after the course of treatment.

**EXHIBIT S**

U.S. Department of Justice 

**Notice of Action**

United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

---

Name:  QUICK, Billy                                          Institution:  D.C.-Central Facility
Register Number:  00178+316
·DCDC No:  178-316                                           Date:        August 20, 2001

---

In the case of the above-named, the following parole action was ordered:

Revoke parole.  None of the time spent on parole shall be credited.  Continue revocation hearing.

FINDINGS OF FACT:

The Commission finds as a fact that you violated the condition of release as indicated below:

Charge 1 - Failure to Report to Supervision Officer as Directed, on 8/21/00 and 9/18/00.

Basis: The subject's admission and testimony at the revocation hearing.

Charge 2 - Failure to Submit to Drug Testing, on or about 8/21/00 and thereafter.

Basis: The subject's admission and testimony at the revocation hearing.

**REASONS**:

Continue revocation hearing to consider Charge #3 on warrant application dated April 24, 2001. The Commission will again subpoena Metropolitan Police Department Officer Stephen Franchak (Badge # 123).

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer.  In certain cases, copies may also be sent to the sentencing court.  You are responsible for advising any others you wish to notify.

S

---



cc:     Sharon Barnes-Durbin, SCSA
        CSS Data Management Group
        D.C. Court Services & Offender Supervision Agency
        300 Indiana Avenue, N.W., Suite 2149
        Washington, D.C.  20001

        U.S. Marshal
        District of Columbia - District Court
        333 Constitution Avenue, N.W.
        Room 7337
        Washington, D.C.  20001
        **Attn:  Warrant Squad**

        Lisa C. Guffey
        Federal Public Defender
        District of Columbia
        Public Defender Service
        Special Proceedings Division
        633 Indiana Avenue, N.W.
        Washington, D.C.  20004

**EXHIBIT T**



**U.S. Department of Justice**
**United States Parole Commission**

**CERTIFICATE OF PAROLE**
**District of Columbia Offender**

Know All Men By These Presents:

It having been made to appear to the United States Parole Commission that **QUICK , Billy, REG No. 32267-083**, (DCDC No. **178-318**), is eligible to be PAROLED, and that there is a reasonable probability that the prisoner will live and remain at liberty without violating the law, and that his release is not incompatible with the welfare of society, it is ORDERED by the said United States Parole Commission that said prisoner be PAROLED on **August 5, 2002**, and that said prisoner is to reside within the District of Columbia and to remain within the limits of **the Washington, D.C. Metropolitan Area** (including the District of Columbia; Prince Georges and Montgomery Counties of Maryland; Arlington and Fairfax Counties of Virginia, including the cities of Alexandria, Fairfax, and Falls Church, Virginia) until and including **August 10, 2016**.

Given under the hands and the seal of the United States Parole Commission on **August 2, 2002**.

UNITED STATES PAROLE COMMISSION

*Juanita E. Holmes*

By: Juanita E. Holmes, Parole Info. Specialist

Docket/Case Number: F10725-91D; F10339-91D
Initial Risk Category: SFS - 2

**Acknowledgement of Release Conditions:**
I have read, or had read to me, the conditions of release printed on the attached Conditions of Release form and received a copy thereof. I fully understand them and know that if I violate any, I may be recommitted.

**Consent to the Disclosure of Drug/Alcohol Treatment Information:**
By signing this Parole Certificate, I consent to the unrestricted communication between any treatment facility administering a drug or alcoholic treatment program in which I am, or will be participating, and the Parole Supervision Services Division of the District of Columbia Board of Parole. I further consent to the disclosure by such facility to the Parole Supervision Services Division of any information requested, and the redisclosure of such information to any agencies that require it for the performance of their official duties. This consent shall be irrevocable until the termination of parole supervision.

---

|  |  |
|---|---|
| Name | DCDC No. |

Witnessed: 

|  |  |
|---|---|
| Name and Title | Date |

The above-named person was released on the _____ day of _____, 20____ with a total of _____ days remaining to be served.

---

Official Certifying Release



This **CERTIFICATE** will become effective on the day of release indicated above. If the releasee fails to comply with any of the conditions listed on the attached page, the releasee may be summoned to a hearing or retaken on a warrant and reimprisoned pending a hearing to determine if the release should be revoked.

### CONDITIONS OF RELEASE

1. You shall go directly to the district named in the certificate (unless released to the custody of other authorities). Within three days after your release, you shall report to the supervision office named on the certificate. If in any emergency you are unable to get in touch with the supervision office, you shall communicate with the *United States Parole Commission, Chevy Chase, Maryland 20815-7286.*

2. If you are released to the custody of other authorities, and after release from the physical custody of such authorities, you are unable to report to the supervision office within three days, you shall report instead to the nearest U.S. Probation Officer.

3. You shall not leave the geographic limits fixed by the certificate of release without written permission from your Supervision Officer.

4. You shall make a complete and truthful written report (on a form provided for that purpose) to your Supervision Officer between the first and third day of each month, and on the final day of parole. You shall also report to your Supervision Officer at other times as your Supervision Officer directs, providing complete and truthful information.

5. You shall not violate any law. You shall not associate with persons engaged in criminal activity. You shall get in touch within 2 days with your Supervision Officer if you are arrested or questioned by a law-enforcement officer.

6. You shall not associate with persons who have a criminal record without the permission of your Supervision Officer.

7. You shall not enter into any agreement to act as an informer or special agent for any law-enforcement agency without permission from your Supervision Officer.

8. You shall work regularly unless excused by your Supervision Officer, and support your legal dependents, if any, to the best of your ability. You shall report within 2 days to your Supervision Officer any changes in employment. You shall notify your Supervision Officer within 2 days of any change in your place of residence.

9. You shall not drink alcoholic beverages to excess. You shall not purchase, possess, sell, manufacture, use, or distribute any controlled substance or drug paraphernalia unless such usage is pursuant to a lawful order of a practitioner and you promptly notify your Supervision Officer of same. You shall not frequent places where such drugs are illegally sold, dispensed, used or given away.

10. You shall not own, possess, use, sell, or have under your control any firearm, ammunition, or other dangerous weapons.

11. You shall permit visits by your Supervision Officer to your residence and to your place of business or occupation. You shall permit confiscation by your Supervision Officer of any materials which the officer believes may constitute contraband in your possession and which he observes in plain view of your residence, place of business or occupation, vehicle(s), or on your person. The Commission may also, when a reasonable basis for so doing is presented, modify the conditions of parole to require you to permit the Supervision Officer to conduct searches and seizures of concealed contraband on your person, and in any building, vehicle, or other area under your control, at such times as the Supervision Officer shall decide.

12. You shall make a diligent effort to satisfy any fine, restitution order, court costs or assessment, and/or court ordered child support or alimony payment that has been, or may be, imposed, and shall provide such financial information as may be requested, by your Supervision Officer, relevant to the payment of the obligation. If unable to pay the obligation in one sum, you will cooperate with your Supervision Officer in establishing an installment payment schedule.

**BOP-Efforts from Ex-Convicts-8th St**



13. You shall be screened for the presence of controlled substances by appropriate tests as may be required by your Supervision Officer.

14. You shall cooperate fully with those responsible for your supervision. You shall carry out the instructions of your Supervision Officer and report as directed, knowing that failure to do so may be sufficient to cause your return to the institution.

15. You shall submit to the sanctions imposed by your Supervision Officer (within the limits established by the approved Schedule of Accountability Through Graduated Sanctions), if the Supervision Officer finds that you have tested positive for illegal drugs or that you have committed any non-criminal violation of the release conditions. Graduated sanctions may include community service, curfew with electronic monitoring, and/or a period of time in a community treatment center. Your failure to cooperate with a graduated sanction imposed by your Supervision Officer will subject you to the issuance of a summons or warrant by the Commission, and a revocation hearing at which you will be afforded the opportunity to contest the violation charge(s) upon which the sanction was based. If the Commission finds that you have violated parole as alleged, you will also be found to have violated this condition. In addition, the Commission may override the imposition of a graduated sanction at any time and issue a warrant or summons if it finds that your are a risk to the public safety or that you are not complying with this condition in good faith.

16. If you have been convicted of any sexual offense under District of Columbia or federal law (including the Uniform Code of Military Justice), you must report for registration with your state (including the District of Columbia) sex offender registration agency as directed by your Supervision Officer. You are required to report for registration in any state (including the District of Columbia) in which you live, work, attend school, or pursue any vocation. You must be registered in compliance with any law that applies to current or prior federal, state, or local convictions for sexual offenses, and in compliance with 42 U.S.C. § 14072(i) (which makes it a federal crime for any offender covered by 18 U.S.C. § 4042 not to register in accordance with state law). If there is any question as to whether or where you are required to register, you must seek and follow the guidance of your Supervision Officer.

17. You will provide a DNA sample if collection of such sample is authorized pursuant to § 3 of the DNA Analysis Backlog Elimination Act of 2000.

**You shall also abide by the below listed special condition(s) as indicated:**

**You shall be subject to the Special Drug Aftercare Condition which requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency, which may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and/or all other intoxicants during and after the course of treatment.**

**The Parole Commission may add to, modify, or delete any condition of release at any time.**

Information concerning a releasee under the supervision of the Parole Supervision Services Division may be disclosed to a person or persons who may be exposed to harm through contact with that particular releasee if such disclosure is deemed to be reasonably necessary to give notice that such danger exists. Information concerning a releasee may be released to a law enforcement agency as required for the protection of the public or the enforcement of the conditions of the release.

BOP-Efforts from Ex-Convicts-8th St

**EXHIBIT U**



U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

**Notice of Action**

| | | |
|---|---|---|
| Name: QUICK, Billy | Institution: | D.C.-Central Detention |
| Facility | | |
| Register Number: 32267-083 | | |
| DCDC No: 178-316 | Date: | February 10, 2004 |

In the case of the above-named, the following parole action was ordered:

### DC EXPEDITED REVOCATION

Revoke Parole; None of the time spent on Parole shall be credited. Parole effective October 23, 2004 after the service of 12 months.

In addition, you shall be subject to the Special Drug Aftercare Condition which requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

**FINDINGS OF FACT:**

The Commission has found that you violated the following condition(s) of release:

    Charge No. 1 - Use of Dangerous and Habit Forming Drugs.

    Charge No. 2 - Failure to Submit to Drug Testing.

    Charge No. 3 - Violation of Special Condition (DAPS).

    Charge No. 4 - Failure to Report to Community Supervision Officer as Directed.

Basis for the above stated finding(s): Your admission.

**REASONS:**

Pursuant to the revocation proposal you signed on 1/28/2004, your violation behavior has been rated as Category One severity because it involved administrative violations of supervision. Your salient factor score is 2 (see attached sheet). You have been in federal confinement as a result of your behavior for a total of 3 month(s) as of 1/23/2004. Guidelines established by the Commission indicate a range of 12-16 months to be served. After review of all relevant factors and information presented, a decision outside the guidelines at this consideration is not found warranted



THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:    Michael Beck
       U.S. Probation Office
       Middle District of North Carolina
       Yadkin Place, Suite 140
       202 N. Lee Street
       Salisbury, NC 28144-5035

       Mr. Thomas Cochran
       Federal Public Defenders Office
       Middle District of North Carolina
       P. O. Box 400
       101 South Elm Street
       Suite 210
       Greensboro, NC 27402-0400

       U.S. Marshals Service
       District of Columbia - District Court
       333 Constitution Avenue, N.W.
       Room 1400
       Washington, DC 20001
       Attn: Karen Brown

       Case Manager Coordinator
       D.C. CCM
       Federal Bureau of Prisons
       800 N. Capitol Street, N.W.
       Suite 270
       Washington, D.C. 20002

       CSS Management Group
       Attn: Sharon Barnes-Durbin, SCSA
       300 Indiana Avenue, NW
       Second Floor, Suite 2149
       Washington, DC 20001

 

## SALIENT FACTOR SCORE (SFS-98)

| Your Pts | Salient Factor Score (SFS-98) Item Explanations |
|---|---|
| 0 | **A** - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0 |
| 0 | **B** - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0 |
| 1 | **C** - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation) |
| 0 | **D** - Recent commitment free period (three years)<br>No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0 |
| 0 | **E** - Probation/parole/confinement/escape status violator this time<br>Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0 |
| 1 | **F** - Older offenders<br>If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0 |
| 2 | **Salient Factor Score (SFS-98)** (sum of points for A-F above) |



| Points For SFS Item C | | | |
|---|---|---|---|
| Age | Prior Commitments | | |
| | 0-3 | 4 | 5+ |
| 26 & Up | 3 | 2 | 1 |
| 22-25 | 2 | 1 | 0 |
| 20-21 | 1 | 0 | 0 |
| 0-19 | 0 | 0 | 0 |

**<u>EXHIBIT V-1</u>**



U.S. Department of Justice                                    **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

---

Name: QUICK, Billy                                           Institution: Rivers Correctional Institution
Register Number: 32267-083
DCDC No: 178-316                                             Date:      October 21, 2004

---

In the case of the above-named, the following action was ordered:

Pursuant to 28 C.F.R. 2.83 and 2.85, Reopen and retard parole effective date of October 23, 2004 by 60 days for release planning and parole effective December 22, 2004. Add Sex Offender Aftercare as a condition of release.

You shall be subject to the Special Drug Aftercare Condition that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

You shall reside in and participate in a program of a Community Corrections Center as instructed by your Supervision Officer until discharged by the Center Director, but no later than 120 days from admission.

In addition, you shall be subject to the Special Sex Offender Aftercare Condition. You shall participate in an in-patient or out-patient mental health program as directed by your Supervision Officer, with special emphasis on long-term sex offender testing and treatment. You are expected to acknowledge your need for treatment and to participate in good faith in achieving the program goals that will be established for you.

**REASONS:**

Bed space is not currently available at the appropriate Community Corrections Center. The Special Sex Offender Aftercare Condition is being added to safeguard the community.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:    CSS Data Management Group
       D.C. Court Services & Offender Supervision Agency
       300 Indiana Avenue, N.W., Suite 2149
       Washington, D.C. 20001

---

**EXHIBIT V-2**



U.S. Department of Justice                                      **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland  20815-7201

---

Name:  QUICK, Billy                                    Institution: Rivers Correctional Institution
Register Number: 32267-083
DCDC No:  178-316                          Date:      December 15, 2004

In the case of the above-named, the following action was ordered:

Pursuant to 28 C.F.R. 2.83 Reopen and retard parole effective date of December 22, 2004 by 60 days for release planning, and parole effective February 20, 2005.

You shall be subject to the Special Drug Aftercare Condition that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

You shall reside in and participate in a program of a Community Corrections Center as instructed by your Supervision Officer until discharged by the Center Director, but no later than 120 days from admission.

You shall be subject to the Special Sex Offender Aftercare Condition. You shall participate in an in-patient or out-patient mental health program as directed by your Supervision Officer, with special emphasis on long-term sex offender testing and treatment. You are expected to acknowledge your need for treatment and to participate in good faith in achieving the program goals that will be established for you.

**REASONS:**

Bed space is not currently available at the appropriate Community Corrections Center.

THE ABOVE DECISION IS NOT APPEALABLE

Copies of this Notice are sent to your institution and to your supervising officer.  In certain cases, copies may also be sent to the sentencing court.  You are responsible for advising any others you wish to notify.

cc:      CSS Data Management Group
         D.C. Court Services & Offender Supervision Agency
         300 Indiana Avenue, N.W., Suite 2070
         Washington, D.C.  20001

---

V-2

**EXHIBIT W**

FEB-17-2005  01:09PM  FROM-RIVERS UNIT C                      3585512            T-623  P.003/006  F-315
        USPC                        2/10/2005   9:04    PAGE 2/4  Fax Server

**U.S. Department of Justice**
**United States Parole Commission**

## CERTIFICATE OF PAROLE
### District of Columbia Offender

Having determined that (1) Quick, Billy, Register No. 32267-083, (DCDC No. 178-316) (the "inmate") is eligible for parole; (2) there is a reasonable probability that the inmate will live and remain at liberty without violating the law; and (3) the inmate's release is not incompatible with the welfare of society, the United States Parole Commission (the "Commission") ORDERS that the inmate be paroled on February 20, 2005 and remain under parole supervision through August 22, 2016. The conditions listed in this certificate apply during the inmate's parole supervision.

Given under the hand and the seal of the Commission on February 10, 2005.

                                    UNITED STATES PAROLE COMMISSION

                                    By:  Dawn M. Booze-Hill, Case Services
Technician

Docket/Case Number: 14935-86
Initial Risk Category: SFS - 2

### Acknowledgement of Release Conditions

I have read, or had read to me, the conditions that are listed on this CERTIFICATE OF PAROLE. I have received a copy of this CERTIFICATE OF PAROLE. I fully understand the conditions that have been imposed upon me and know that if I violate any of these conditions I may be sent back to prison.

### Consent to the Disclosure of Drug/Alcohol Treatment Information

By signing this CERTIFICATE OF PAROLE, I consent to unrestricted communication between any facility administering a drug or alcohol treatment program in which I am or will be participating, on the one hand, and the Commission and the office responsible for supervising me, on the other hand. I consent to disclosure by such facility to the Commission and the office responsible for supervising me of any information requested related to my supervision; and the disclosure by the Commission and the office supervising me to any agency that requires such information for the performance of an official duty. This consent is irrevocable until the end of parole supervision.

_Billy Quick_                                    32267-083
        Name                                        DCDC No.

Witnessed: _L. Holle, Unit Clerk 2/14/05_
             Name and Title                          Date

The above-named inmate was released on the _18_ day of _February_, _2005_ with a total of _4203_ days remaining to be served.

                                    Official Certifying Release

Queued: 02-10-2005 13:22:28 BOP-Rivers Correctional Institution |

                                                                W

FEB-17-2005  01:09PM  FROM-RIVERS UNIT C                     3585512           T-623  P.004/006  F-315
USPC                        2/10/2005  9:04      PAGE 3/4    Fax Server

This CERTIFICATE OF PAROLE becomes effective on the day of release set forth above, after you sign this certificate. If you fail to comply with any of the conditions, you may be summoned to a hearing, or retaken on a warrant and reimprisoned pending a hearing, to determine if your parole should be revoked.

## GENERAL CONDITIONS

1.  A.  You must go directly to Washington, D.C. and appear in person at the Intake Office of the Court Services and Offender Supervision Agency for the District of Columbia (CSOSA), 300 Indiana Avenue, N.W., Washington, D.C. 20001. If you are unable to appear in person at that office within three days of release, you must appear in person at the United States Probation Office nearest to you and follow the instructions of the duty officer.

    D.  If you are not released to the community after your parole, you must follow the instructions in 1.A. above when you are released to the community.

2.  You must not leave the Washington, D.C. metropolitan area without the written permission of the officer supervising you. The Washington, D.C. metropolitan area consists of the District of Columbia, Prince Georges and Montgomery Counties in Maryland, Arlington and Fairfax Counties in Virginia, and the Cities of Alexandria, Fairfax, and Falls Church in Virginia. For the purpose of applying all conditions of release, "the officer supervising you" includes any supervision officer assisting, substituting for, or acting on behalf of the officer assigned to your supervision.

3.  You must, between the first and third day of each month, make a written report to the officer supervising you. In addition, you must meet with the officer supervising you at such times and in such a manner as that officer directs, and provide such information as that officer requests. All information that you provide to the officer supervising you must be complete and truthful.

4.  You must notify the officer supervising you within two days of (A) an arrest or questioning by a law-enforcement officer, (B) a change in your residence or (C) a change in your employment.

5.  You must permit the officer supervising you to visit your place of residence and your place of business or employment.

6.  You must permit the officer supervising you to confiscate any material that officer believes may be contraband and that is in plain view in your possession, including in your residence, place of business or employment, and vehicle.

7.  You must submit to a drug or alcohol test whenever ordered to do so by the officer supervising you.

8.  You must not violate any law and must not associate with someone else who is violating any law.

9.  You must not possess a dangerous weapon, which includes ammunition.

10. You must not drink alcohol to excess and must not illegally use or possess a controlled substance. You must not frequent a place where you know a controlled substance is illegally used or distributed.

11. You must not associate with a person who has a criminal record without permission from the officer supervising you.

12. You must not enter into an agreement to act as an informant or undercover agent for a law-enforcement agency without permission from the Commission.

13. You must make a diligent effort to work regularly, unless excused by the officer supervising you, and to support any legal dependent.

14. You must make a diligent effort to satisfy any fine, restitution order, court costs or assessment, or child support or alimony payment to which you are subject. You must provide financial information relevant to the payment of such a financial obligation that is requested by the officer supervising you. If you are unable to pay such a financial obligation in one sum, you must cooperate with the officer supervising you to establish an installment payment schedule.

15. If you are being paroled from a sentence imposed following conviction of a domestic violence crime, and that conviction is your first conviction for such a crime, you must, as directed by the officer supervising you, attend an approved offender rehabilitation program if such a program is readily available within a 50 mile radius of your residence.

16. If you are required by law to report and register as a sex offender, you must comply with that law.

17. You must provide a DNA sample if the officer supervising you determines that collection of such sample is required by law.

18. You must participate in an Employment Readiness Program if so directed by the officer supervising you.

19. If you are being supervised by CSOSA, you must submit to the sanctions imposed by the officer supervising you within the limits established by an approved schedule of graduated sanctions.

20. If so directed by the officer supervising you, you must notify a person of your criminal history or characteristics to inform that person of a risk of harm.

SPECIAL CONDITIONS

You shall be subject to the Special Drug Aftercare Condition that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

In addition, you shall reside in and participate in a program of a Community Corrections Center as instructed by your Supervision Officer until discharged by the Center Director, but no later than 120 days from admission.

In addition, you shall be subject to the Special Sex Offender Aftercare Condition. You shall participate in an in-patient or out-patient mental health program as directed by your Supervision Officer, with special emphasis on long-term sex offender testing and treatment. You are expected to acknowledge your need for treatment and to participate in good faith in achieving the program goals that will be established for you.



Queued: 02-10-2005 13:22:28 BOP-Rivers Correctional Institution |

**EXHIBIT X**

 

**Court Services and Offender Supervision Agency**
**for the District of Columbia**
*Community Supervision Services*
*Branch VII, General/Special Supervision*

**Alleged Violation(s) Report**

December 23, 2005

TO:         The United States Parole Commission
            Joy Randall
            5550 Friendship Boulevard
            Chevy Chase, MD  20815-7286

| | | | |
|---|---|---|---|
| **FROM:** | Paula Lawson | **Unit:** | Sex Offender Supervision I - Team 13 |
| | Community Supervision Officer | **Telephone:** | (202) 585-7492 |
| **Please send all inquiries to:** | 300 Indiana Ave., NW, Rm. 2002 Washington, DC 20001-2106 | **Fax:** | (202) 585-7497 |
| | | **Email:** | paula.lawson@csosa.gov |

**SUBJECT:**   Non-Compliance with Parole
**DOCKET:**    F-4935-86

**Offender:**   BILLY QUICK          AKA: Henry Pearson
**FEDREG #:**   322670-83
**FBI #:**      167517D
**DCDC #:**     178-316
**PDID #:**     264-014
**Action Recommended: Warrant**

SENTENCING INFORMATION

Mr. Billy Quick is a 64 year-old male who was sentenced on 3/12/1992 to seven (7) to twenty one (21) years for the offense of Distribution of Cocaine, F-10725-91.  This sentence was to run concurrently with F-10339-91, Distribution of Cocaine.  The offender was paroled on 2/20/2005 with a full-term date of 8/22/2016.  This is his fourth period of parole supervision in this case.

The offender has the following special condition(s):
Drug and alcohol treatment;
Register as a sex offender;
Special Sex Offender Aftercare Condition

$\chi$



Court Services and Offender Supervision Agency                                              Page 2

### ALLEGED VIOLATIONS

Since supervision began, the offender is alleged to have committed the following violation(s):

#### Failure to Report to Supervision as Directed.

On 12/6/2005, Mr. Quick failed to report. He did not call with an explanation. He reported the following day stating that he believed his appointment was on, Wednesday, 12/7/2005. Mr. Quick was **always** scheduled to report on Tuesday and/or Thursday. (See attached running record entry dated 12/6/05.)

#### Illegally Used a Controlled-Dangerous Substance.

On 11/4/2005, Mr. Quick submitted a sample that tested positive for cocaine as evidenced by the attached printout of drug testing history.

#### Offender failed to comply with requirements for drug testing, in accordance with Drug Testing Management System (DTMS) requirements and standards.

The offender refused to be screened for a drug test on 3/1/2005, 3/3/2005, 3/8/2005, 3/10/2005 and 12/14/2005 in accordance with DTMS requirements and standards as evidenced by the attached printout of drug testing history.

#### Failure to Obey All Laws.

On 12/21/2005, the offender was arrested by the US Marshall Service for the offense of **Assault with Intent to Kill While Armed, F-07355-05.** He is being held without bond. A Preliminary Hearing is scheduled for 12/23/2005 at 9:30 AM in DC Superior Court. A five (5) day hold was requested by SCSO, Paul Brennan. *******NO PDID******yet. (See printout from the Superior Court of the District of Columbia Criminal Information System.)

### CASE SUMMARY

The offender's overall adjustment has been poor due to substance abuse that has been a concern from the beginning of parole supervision. Mr. Quick is admittedly an alcoholic. He reported drinking moonshine at age 12.

The offender, Mr. Billy Quick was known to this officer from a previous period of supervision. He was placed on intensive supervision following his release from incarceration on 2/17/2005.

The offender resided at ▆▆▆▆▆▆▆▆▆ Washington, and DC 20002 at the time of his arrest. He had recently relocated to this address after living at ▆▆▆▆▆▆▆▆▆ since 2/21/2005. At the R Street address, Mr. Quick resided with a female friend and his fiancé', ▆▆▆▆▆▆. The offender reported that he shared the apartment on Orren Street with 12 other people, some of them from a juvenile group home. A home visit was scheduled for 12/21/2005, the day of the arrest.

The offender was not employed during the supervision period. He had applied for Social Security Disability Income but a determination had not yet been made.

Court Services and Offender Supervision Agency                                                    Page 3

From the beginning of the supervision period, Mr. Quick expressed difficulty with submitting to urinalysis. He provided medical documentation that stated that he had difficulty urinating and only did so two times per day. He was provided with a prescription for medication and a follow-up appointment was scheduled.

On 11/4/2005, Mr. Quick reported to the office requesting to travel to North Carolina for the Thanksgiving Holiday. He was advised that he must submit to a drug test in order to receive permission to travel. Mr. Quick was able to submit a sample that date. That sample tested positive for cocaine. GC/MS Confirmation and Affidavit was requested on 12/22/2005. The results will be forwarded as soon as this officer receives them.

On 12/20/2005, an SCSO Conference is held with SCSO Paul Brennan, the offender and this writer to address the offender's non-compliance with the CSOSA drug testing policy and his poor reporting habits. Mr. Quick was questioned about the positive drug test result for cocaine on 11/4/2005 and his failure to submit to testing on several occasions. Mr. Quick maintains that he is unable to urinate. He explains the positive test result from 11/4/2005 by stating that he was living in a "crack house". Offender is advised that he is in violation of his parole. He is instructed to submit to drug testing today and weekly until notified otherwise. A sanction was to be determined and a CIT referral was to be made.

Several hours after the SCSO Conference was held, US Marshall Osmond contacted this officer. Tan asking for the offender's address and reporting that there was a warrant for the offender's arrest for Assault with Intent to Kill While Armed. This offense was reported to have taken place at the offender's previous address, ████████████ in the lobby. The offender's new address was provided and US Marshall Tan and his partner arrested Mr. Quick the following morning, 12/21/2005 at ████████ NE. He is being held without bond at the DC Jail.

**RECOMMENDATION:**

This Community Supervision Officer concludes that the offender poses a threat to the well being of the community. He has been arrested for an extremely violent new offense, Assault with Intent to Kill While Armed. This offense took place in the lobby of his residence. Mr. Quick has a history of violent offenses, including the offense of Assault With Intent to Commit Rape that resulted in his placement in the sex offender unit. There is also a very long history of substance abuse. Recent drug test results and the offender's own admission to alcohol use give cause for concern. Drugs and alcohol are known contributors to criminal activity and proven contributors to this offender's criminal activity. In light of the new arrest and Mr. Billy Quick's poor adjustment to the conditions of his parole, this Community Supervision Officer is respectfully requesting a Warrant.

Court Services and Offender Supervision Agency                                        Page 4

Respectfully submitted,

12/23/05

Paula Lawson
Community Supervision Officer
Telephone Number: (202) 585-7492

Approved by:

12/23/05

Paul Brennan
Supervising Community Supervision Officer
Telephone Number: (202) 585-7487

cc:  File

(Date)

_____

(Date)

# SMART
## Drug Status Report

**Offender Data**

| | | |
|---|---|---|
| Name: | BILLY QUICK | Printed By: Walker, Akil - SCSO |
| PDID: | 264-014 | Date/Time: 12/23/2005 11:04:21 AM |
| DCDC: | 178-316 | |

**Drug Testing Information**

| Test Date | Description | AMP | COC | METH | OPI | PCP | MARI | ALC | CREA | Result Status | Compl | Specimen# |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12/21/2005 | Lock Up | - | - | - | - | - | - | - | - | Declined | NO | 30908770 |
| 12/14/2005 | Initial test | - | - | - | - | - | - | - | - | NoSubmit | NO | 30896405 |
| | Needs to CSO Lawson/585-7492 before testing. | | | | | | | | | | | |
| 11/4/2005 | Initial test | - | Pos | - | Neg | - | Neg | - | Neg | | NO | 30831036 |
| 3/10/2005 | Surveillance | | | | | | | | | Suspend | NO | 30387258 |
| | Due to 2nd FTA. | | | | | | | | | | | |
| 3/8/2005 | Surveillance | - | - | - | - | - | - | - | - | NoReport | NO | 30381885 |
| 3/3/2005 | Surveillance | - | - | - | - | - | - | - | - | Unable | NO | 30373832 |
| 3/1/2005 | Placement | - | - | - | - | - | - | - | - | NoSubmit | NO | 30370604 |
| | The offender provided tylenol | | | | | | | | | | | |
| 2/22/2005 | Spot | Neg | Neg | Neg | Neg | Neg | Neg | Neg | - | | YES | 30357679 |
| 12/11/2002 | Surveillance | | | | | | | | | Suspend | NO | 97401367 |
| | DUE TO 2ND FTA. | | | | | | | | | | | |
| 12/9/2002 | Surveillance | - | - | - | - | - | - | - | - | NOREPORT | NO | - |
| 12/4/2002 | Surveillance | - | - | - | - | - | - | - | - | Unable | NO | 97354966 |
| 12/2/2002 | Surveillance | - | - | - | - | - | - | - | - | NoSubmit | NO | 97380058 |
| 11/27/2002 | Surveillance | - | - | - | - | - | - | - | - | NoSubmit | NO | 97376557 |
| 11/27/2002 | | - | - | - | - | - | - | - | - | | - | - |
| | Offender resumed drug testing in CSS Parole Program on schedule 1 per CSO Lawson/13 2 02.585.7492 F10339-91 11/27/2002. | | | | | | | | | | | |
| 11/21/2002 | Surveillance | | | | | | | | | Suspend | NO | - |
| | Regularly scheduled testing suspended due to failure to report. | | | | | | | | | | | |
| 11/19/2002 | Surveillance | - | - | - | - | - | - | - | - | NOREPORT | NO | - |
| 11/14/2002 | Surveillance | - | - | - | - | - | - | - | - | NoSubmit | NO | 97356442 |
| 11/12/2002 | Surveillance | - | Neg | - | Neg | Neg | Neg | Neg | - | - | YES | 97355340 |
| 11/7/2002 | Surveillance | - | - | - | - | - | - | - | - | NoSubmit | NO | 97349186 |
| 11/5/2002 | Surveillance | - | - | - | - | - | - | - | - | NoSubmit | NO | 97344696 |
| 11/5/2002 | | | | | | | | | | | | |
| | Offender is testing for alcohol per CSO P. Lawson/13 202-585-7492 in case F10339-91 in schedule I. | | | | | | | | | | | |
| 10/31/2002 | Surveillance | - | - | - | - | - | - | - | - | Unable | NO | 97338221 |
| 10/29/2002 | Surveillance | - | - | - | - | - | - | - | - | NoSubmit | NO | 97334034 |
| 10/24/2002 | Surveillance | - | Neg | - | Neg | Neg | Neg | Neg | - | - | YES | 97327582 |
| 10/22/2002 | Surveillance | - | Neg | - | Neg | Neg | Neg | Pos | - | - | NO | 97323288 |
| 10/17/2002 | Surveillance | - | - | - | - | - | - | - | - | NoSubmit | NO | 97316914 |
| 10/15/2002 | Surveillance | - | Neg | - | Neg | Neg | Neg | - | - | - | YES | 97312592 |
| 10/10/2002 | Surveillance | - | Neg | - | Neg | Neg | Neg | - | - | - | YES | 97308677 |
| 10/8/2002 | Surveillance | - | - | - | - | - | - | - | - | NoSubmit | NO | 97304086 |
| 10/3/2002 | Surveillance | - | - | - | - | - | - | - | - | NOREPORT | NO | - |
| 10/1/2002 | Surveillance | - | Neg | - | Neg | Neg | Neg | - | - | - | YES | 97293202 |
| 9/26/2002 | Surveillance | - | - | - | - | - | - | - | - | NOREPORT | NO | - |
| 9/24/2002 | Surveillance | - | Neg | - | Neg | Neg | Neg | - | - | - | YES | 97283619 |
| 9/24/2002 | | - | - | - | - | - | - | - | - | | - | - |
| | Offender resumed drug testing in parole program per CSO Lawson/13 202-585-7492 in case F10339-91 in schedule I. | | | | | | | | | | | |
| 9/19/2002 | Surveillance | - | - | - | - | - | - | - | - | Suspend | NO | - |
| | Did not report. | | | | | | | | | | | |
| 9/17/2002 | Surveillance | - | - | - | - | - | - | - | - | NOREPORT | NO | - |
| 9/12/2002 | Surveillance | - | Neg | - | Neg | Neg | Neg | - | - | - | YES | 97267076 |
| 9/10/2002 | Surveillance | - | Neg | - | Neg | Neg | Neg | - | - | - | YES | 97262848 |
| 9/5/2002 | Surveillance | - | Neg | - | Neg | Neg | Neg | - | - | - | YES | 97256584 |
| 9/3/2002 | Surveillance | - | - | - | - | - | - | - | - | Unable | NO | 97252312 |
| 8/29/2002 | Surveillance | Neg | Neg | Neg | - | Neg | Neg | Neg | - | - | YES | 97248010 |
| 8/27/2002 | Surveillance | - | Neg | - | Neg | Neg | Neg | - | - | - | YES | 97244735 |
| 8/22/2002 | Surveillance | - | Pos | - | Neg | Neg | Neg | - | - | - | NO | 97238266 |
| 8/20/2002 | Placement | Neg | Pos | Neg | Neg | Neg | Neg | - | - | - | NO | 97234243 |
| 8/20/2002 | | - | - | - | - | - | - | - | - | | - | - |
| | THE OFFENDER WAS PLACED IN PROBATION DRUG TESTING PER CSO LAWSON/13 202 585-7492 IN CASE F10339-91 IN SCHEDULE 1. | | | | | | | | | | | |
| 8/6/2002 | Spot | Neg | Neg | Neg | Neg | Neg | Neg | - | - | | YES | 97212920 |
| | Ibuprofen 400mg, Verapamil 240 mg and Hydrochlorothizide 30 mg. | | | | | | | | | | | |
| 4/6/2001 | Lock Up | - | - | - | - | - | - | - | - | Unable | NO | 96493509 |
| 8/14/2000 | Surveillance | - | - | - | - | - | - | - | - | NoReport | NO | 96205095 |
| | REGULARLY SCHEDULED TESTING SUSPENDED DUE TO FAILURE TO REPORT. | | | | | | | | | | | |

*The information contained is for official use only and is protected by the Federal Privacy Act of 1974, 5 U.S.C.§552a (2000).*

12/23/2005 01:20 FAX

# SMART
## Drug Status Report

**Offender Data**

| | | | | |
|---|---|---|---|---|
| Name: | BILLY QUICK | | Printed By: | Walker, Akil - SCSO |
| PDID: | 264-014 | | Date/Time: | 12/23/2005 11:04:21 AM |
| DCDC: | 178-316 | | | |

### Drug Testing Information

| Test Date | Description | AMP | COC | METH | OPI | PCP | MARJ | ALC | CREA | Result Status | Compl | Specimen# |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 8/7/2000 | Surveillance | - | - | - | - | - | - | - | - | NoReport | NO | 96198440 |
| 7/31/2000 | Surveillance | - | - | - | - | - | - | - | - | Unable | NO | 96193016 |
| | DEFENDANT RESUMED DRUG TESTING PER PA/SHANNON GIBSON IN PLACE OF PO/EDLIN. | | | | | | | | | | | |
| 7/24/2000 | Surveillance | - | - | - | - | - | - | - | - | NoReport | NO | 96186348 |
| | REGULARLY SCHEDULED TESTING SUSPENDED DUE TO FAILURE TO REPORT. | | | | | | | | | | | |
| 7/17/2000 | Surveillance | - | - | - | - | - | - | - | - | NoReport | NO | 96180221 |
| 7/10/2000 | Surveillance | - | - | - | - | - | - | - | - | NoSubmit | NO | 96174297 |
| 7/3/2000 | Surveillance | - | - | - | - | - | - | - | - | NoSubmit | NO | 96169597 |
| 6/26/2000 | Surveillance | - | Neg | - | Neg | Neg | Neg | - | - | - | YES | 96164314 |
| 6/19/2000 | Surveillance | - | - | - | - | - | - | - | - | Unable | NO | 96159044 |
| 6/12/2000 | Surveillance | - | - | - | - | - | - | - | - | Unable | NO | 96153819 |
| 6/5/2000 | Surveillance | - | Neg | - | Neg | Neg | - | - | - | - | YES | 96148399 |
| 5/22/2000 | Surveillance | - | Neg | - | Neg | Neg | - | - | - | - | YES | 96138945 |
| 5/15/2000 | Surveillance | - | Neg | - | - | - | Neg | - | - | - | YES | 96133757 |
| 5/8/2000 | Surveillance | - | Neg | - | Neg | - | Neg | - | - | - | YES | 96128462 |
| 5/1/2000 | Placement | - | Neg | - | Neg | Neg | - | - | - | - | YES | 96123924 |
| | DEFENDANT WAS PLACED IN DRUG TESTING PROGRAM FOR PAROLE SUPERVISION. CALL PAROLE AT 2 02-585-7493 RESULTS AS PER PO EDELIN. | | | | | | | | | | | |
| 4/19/2000 | | - | - | - | - | - | - | - | - | - | - | - |
| | LEVEL 1 VERIFICATION WAS PROVIDED FOR DEFENDANT'S ID PHOTOGRAPH. | | | | | | | | | | | |
| 4/19/2000 | Surveillance | - | Neg | - | Neg | Neg | - | - | - | - | YES | 96115863 |
| | SPOT-CHECK DRUG TEST ORDERED PER PO AZIKIWE/30. | | | | | | | | | | | |

*The Information contained is for official use only and is protected by the Federal Privacy Act of 1974, 5 U.S.C.§552a (2000).*

```
MCIS0504              SUPERIOR COURT OF THE DISTRICT OF COLUMBIA          12/23/05
SX1GEN                     CRIMINAL INFORMATION SYSTEM
                                 COUNT DETAILS
CASE NO: F 07355 05  A                              CASE AGE:      2
             UNITED STATES  VS  BILLIE QUICK
  PDID: 0264014 DOB: 01 17 41 JUDGE: PUIG-LUGO, HIRAM E          CAL: F2AFT2
  CHARGE:  U826 ASLT W/I KILL WHILE ARMED       CCR NO: 0163382 NOI NO:
  POLICE BADGE NO: M 5982       PLEA:                           CITATION: L
  OFFENSE DATE  : 12 21 05  JUDGMENT:                                JTWD:
  FILE DATE     : 12 21 05  JDGMT DT:                       TRIAL TYPE:
  ALT ST HRG DATE:                    SENTENCE:
                                      COMMENT:                      CONCUR:
  CONTD DATE: 12 23 05  TIME: 0930    CONFINEMENT PERIOD   :          /
  CONTD FOR: PRELIMINARY HEARING  BY:  FINE AMOUNT         :
  CONT RSN:                             OR CONFINEMENT      :          /
  SC GRAND JURY:                       CONFINEMENT SUSPENDED:          /
  SC GRAND JURY DATE:                   ALT TIME SUSPENDED:
  DISPOSITION DATE  :                     FINE SUSPENDED:
  OTHER DISPOSITION:                    PROBATION PERIOD:           TYPE:
  LAST UPDT DATE: 12 22 05  BY: C1DGS        VVCA AMT:
                            NEXT COUNT:
  NEXT:                   CASE:                      KEY:


  PF10 ==> RETURN TO CASE SUMMARY
```

```
MCI80505                   SUPERIOR COURT OF THE DISTRICT OF COLUMBIA            12/23/05
SX1GEN                        CRIMINAL INFORMATION SYSTEM               PAGE:    1
                                    SUMMARY BY PDID

DEFENDANT NAME: QUICK, BILLIE
    PDID: 0264014
                                          OFFENSE   CONT/DISP
                                           DATE       DATE     BW  C/D     CONT/DISP
     CASE NO            CHARGE
   F0735505   A    ASLT W/I KILL WHILE    12 21 05   12 23 05       C   PRELIMINARY HEA
   F0222301   A    UCSA PWID COCAINE      04 05 01   04 06 01       D   NO PAPERED
   M1233384   A    UNLAWFUL ENTRY         10 07 84   10 08 84       D   NO PAPERED
   F1033991   A    UCSA DIST. COCAINE     08 28 91   09 25 91       D   INDICTED
   F1033991   B    UCSA DIST. COCAINE     08 27 91   03 12 92       D   DISMISSED
   F1033991   C    UCSA DIST. COCAINE     08 28 91   03 12 92       D   DISMISSED
   F1033991   D  * UCSA DIST. COCAINE     08 28 91   03 12 92       D   CONFINEMENT ONL
   F1033991   E    UCSA DIST. COCAINE     08 28 91   03 12 92       D   DISMISSED
   F1033991   F    UCSA DIST. COCAINE     08 28 91   03 12 92       C   DISMISSED
   F1033991   G    UCSA P W/I D COCAINE   08 28 91   03 12 92       D   DISMISSED
   F0783991   A    ADW KNIFE              07 06 91   07 08 91       D   NO PAPERED
   M1598684   A    ADW KNIFE              12 20 84   12 24 84       D   NO PAPERED

NEXT:                     CASE:                        KEY:
PLACE CURSOR UNDER CASE NO AND PRESS PF2 TO SEE DETAILS
PF2 ==> COUNT DETAILS   PF10 ==> CASE BROWSE
```

.J05 11:10 FAX 2024421598
12/27/2005 09:53 FAX 2025857501

BRANCH CHIEF
SPECIAL PROJECTS

☑002
☑002

| METROPOLITAN POLICE DEPARTMENT Washington, D.C. ARREST/PROSECUTION REPORT P.D.163 Rev 08/00 | 1. PERSON NOTIFIED OF NAME CHANGE - UNIT - DATE - TIME - NCIC I.D. (ID Only) | 2. PDID NUMBER 264014 |
|---|---|---|
| 5. UNIT ARREST NUMBER 030507576 | 3. DEFENDANT'S TRUE NAME - LAST,FIRST,MIDDLE (ID Only) QUICK, SONNY | 4. CID NUMBER 3DDU01-10484 |
| | 6. DEFENDANT'S NAME - LAST,FIRST,MIDDLE (At time of arrest) PEARSON, SONNY | 7. DEAL IB NUMBER |
| 8. Arresting Officer's Name CEASAR, BRIAN Rank DET-2 Badge# D2-384 Agency | 10. NICKNAME/ALIAS | 11. PHONE NUMBER |
| 12. COURT DATE 12/21/2005 | 13. ADDRESS 1306 ORREN ST NE, Washington, DISTRICT OF COLUMBIA | 14. TIME IN DC |

| 15. SPECIAL INTELLIGENCE ☐ CHILD ABUSE ☐ GANG ☐ HATE ☐ SENIOR CITIZEN ☐ DOMESTIC VIOLENCE | 16. SEX ► MALE | 17. RACE ► BLACK | 18. BIRTHDATE | 19. SOCIAL SECURITY NUMBER |
|---|---|---|---|---|
| 20. NEED INTERPRETER? NO | 21. HEIGHT ► 601 | 22. WEIGHT 265 | 23. HAIR GREY | 24. EYES BROWN | 25. COMPLEX MEDIUM | 26. PERMIT NO. / ST | 27. BIRTHPLACE SOUTH CAROLINA |

| ► CO-DEFENDANTS Number: 0 NAME, ADDRESS, ZIP CODE AND PHONE NUMBER | 29. IMPERSONATOR? NOT APPLICABLE | 30. ETHNICITY AMERICAN | 31. CAUTION |
|---|---|---|---|
| | 32. SCARS / MARKS / TATTOOS | | |
| | 33. HAT NA | 34. JACKET BLUE DENIM | 35. PANTS BLUE DENIM |
| | 36. COAT NA | 37. SHIRT NA | 38. SKIRT/DRESS NA |

| CHECK MADE BY (Name) CEASAR | 39. WHALES / NCIC CHECK NCIC NUMBER 80615 | WARRANT ON FILE (If Yes, enter Warrant Number(s).) YES USW 1249-05 | |
|---|---|---|---|
| 40. LOCATION OF OFFENSE ► 1424 R ST NW, Washington, DISTRICT OF COLUMBIA | | DATE OF OFFENSE ► 12/20/2005 | TIME OF OFFENSE ► 8:35 P |
| 41. LOCATION OF ARREST ► 1306 ORREN ST NE, Washington, DISTRICT OF COLUMBIA | | DATE OF ARREST ► 12/21/2005 | TIME OF ARREST ► 6:00 A |
| 42. ASSISTING OFFICER'S NAME, RANK, BADGE NO. & UNIT OR AGENCY ► CEASAR, BRIAN, DET-2, D2-384, 6DDU | ASSISTING OFFICER'S NAME, RANK, BADGE NO. & UNIT OR AGENCY ► | | |

| 43. DEFENDANT ADVISED OF RIGHTS | | | | | |
|---|---|---|---|---|---|
| DATE 12/21/2005 | TIME 8:23 AM | LOCATION 3D INTERVIEW ROOM | OFFICER'S NAME - ADVISING / COMPLETING PD FORM 47/47A CEASAR, BRIAN | BADGE NO. D2-384 | UNIT 6DDU |

| 44. COMPLAINANTS / WITNESSES | | | | |
|---|---|---|---|---|
| NAME - LAST, FIRST, MI W-1 ► | ADDRESS - STREET, CITY, STATE, ZIP CODE , Washington, DISTRICT OF COLUMBIA | BIRTHDATE | HOME PHONE NO. | WORK PHONE NO. |
| W-2 ► | | | | |

| 45. SPEC. OPS. | 46. TACTICS ARREST WARRANT | 47. PREMISES APARTMENT | 48. ☐ SCHOOL ZONE ☐ PUBLIC HOUSING |
|---|---|---|---|

| 49. CHARGES (Enter lead charge first) | NO.T OR WARRANT NUMBER | CCN | MPD DISPOS. | COLLAT/BOND RECEIPT NO. |
|---|---|---|---|---|
| ASSAULT W/I TO KILL | USW 1249-05 | 05-163... | LOCK UP | |
| | | | | |
| | | | | |

| 50. PROPERTY RECOVERED / ITEMS OF EVIDENCE PROPERTY BOOK / PAGE | CSES NO. | 51. INITIALS - DATE - UNIT OF PERSON TAKING PRINT | 53. RIGHT THUMB PRINT |
|---|---|---|---|
| | | 52. M. O. WEAPONS, HANGOUTS, HABITS, INSTRUMENTS | |

| 54. CCB USE ONLY | HEIGHT | WEIGHT | HAIR | EYES | COMPLEX. | SCARS / MARKS / TATTOOS |
|---|---|---|---|---|---|---|

Distribution: ☐ ID & RD: ☐ Prosecutor: ☐ Unit Copy: ☐ Officer's Copy

Page 1 of 2 pages

| 55. EMPLOYMENT HISTORY (List present employment if any, on Line 1) | | | | | |
|---|---|---|---|---|---|
| DATE FROM | TO | EMPLOYER | ADDRESS | BUS. PHONE | OCCUPATION |
| | | UNEMPLOYED | | | |

| 56. NAMES OF LIVING FAMILY, RELATIVES, FRIENDS, AND ASSOCIATES | | | | |
|---|---|---|---|---|
| RELATIONSHIP | DOB / AGE | NAME - LAST, FIRST, M.I. | ADDRESS - STREET, CITY, STATE, ZIP CODE | PHONE NUMBER |
| SPOUSE | 11/25/1954 - 49 | LEE, VIRGINIA | 1306 ORREN ST NE, Washington DISTRICT OF | (2 2) 399-5089 |

| 57. MILITARY SERVICE: BRANCH / DATE FROM - TO | 58. TELEPHONE CALL MADE | 59. PHONE NUMBER |
|---|---|---|
| | NO | |

**60. STATEMENT OF FACTS:**

On December 2, 2005 the complainant reported to the Metropolitan Police Department that the defendant assaulted him with a knife.

The complainant states that the defendant asked him to return a coat for him and get a larger size. The complainant states that he went to the store to try and return the jacket, but there wasn't a larger size available. The complainant states that he then just sold the jacket on the street and received fifty dollars ($50.00) for the coat. When the complainant told the defendant what he did became upset, because he had paid eighty dollars ($80.00) for the coat originally. The complainant and the defendant became involved in a verbal altercation. The defendant produced a knife and began swinging it at the complainant. The defendant stabbed the complainant in the chest and several times on his right leg. The complainant suffered a punctured lung and severe lacerations to his leg. The complainant was transported to George Washington Hospital by ambulance. The complainant was rushed into surgery. The complainant remained hospitalized for a week. The defendant fled the scene on foot. The complainant stated before being transported to the hospital
"Sonny stabbed me".

On 12/06/2005 the complainant was interviewed at George Washington Hospital. The complainant was shown a photo array that consisted of the defendant's MPD PDID photo #264014. The complainant positively identified the defendant in the array and stated "That him right there". The complainant further stated he has known the defendant for approximately two years.

on 12/21/2005 the defendant was apprehended at approximately 0600 hours by members of the United States Marshals Service pursuant to USW 1249-05 charging him with AWIK/ W Armed and transported to the third district station where he was advised of him MIRANDA RIGHTS and processed.

**61. DEFENDANT'S VERSION / REMARKS:**

Following advisal of Miranda Rights the defendant elected to not make any statements.

| RECORD CLERK'S NAME | | 1. | 4. | | 64. PROPERTY BOOK PAGE NO. PRISONER'S PROPERTY ONLY |
|---|---|---|---|---|---|
| 63. ARREST RECORD | | | | | |
| 1. | 2. | 5. | 6. | | |
| 65. BAIL REFORM ACT | | | | | |

| 66. PRINTED NAME - OFFICER MAKING STATEMENT | BADGE NUMBER | RANK | 68. SIGNATURE OF REVIEWING OFFICIAL | |
|---|---|---|---|---|
| CEASAR, BRIAN | D2-384 | DET-2 | | |
| 67. SIGNATURE OF OFFICER MAKING STATEMENT | UNIT SDD SDD/3D | DATE | UNIT SDD 3D | DATE 12/24/55 |

**EXHIBIT Y-1**

# WARRANT
## D.C. Code Offender

**U.S. Department of Justice**
**United States Parole Commission**

**To the U.S. Marshal or Any Federal or District of Columbia Officer Authorized to Serve Criminal Process Within the United States:**

WHEREAS, Quick, Billy, Reg. No. 32267-083, DCDC No. 178-316, was sentenced by the Superior Court of the District of Columbia or the United States District Court to serve a sentence of 26 years; 90 days for the crime of Distribution of Preludin, Bail Reform Act and Distribution of Cocaine and was on 2/18/05 released on parole from Rivers Correctional Institution with 4201 days remaining to be served;

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by the authority of §§24-205, 24-131, and 24-133 of the District of Columbia Code, to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal on January 25, 2006

_____ 1/30/06
U.S. Parole Commissioner

**Quick, Billy**
**Reg. No. 32267-083   DCDC No. 178-316**

**EXHIBIT Y-2**

**U.S. DEPARTMENT OF JUSTICE**
**UNITED STATES PAROLE COMMISSION**

**WARRANT APPLICATION**
D.C. Code Offender

Name............................ **Quick, Billy**
Reg. No.......................... **32267-083**
DCDC No. ..................... **178-316**
FBI No .......................... **32267-083**
Birth Date .....................
Race .............................. **Black**

Date...........................................**January 25, 2006**
Termination of Supervision .....**8/22/2016**
[If Conviction Offense Before April 11, 1987 And
Offender Is On Mandatory Release, Termination
Date Is 180 Days Prior To Full Term]
Violation Date .........................**3/1/2005**
Released ..................................**2/18/2005**

Sentence Length............ **26 years; 90 days; (Original) (4688 days P.V. Term)**
Original Offense ........... **Distribution of Preludin, Bail Reform Act and Distribution of Cocaine**

If you have been arrested on a violator warrant in the District of Columbia and you have not been convicted of a new offense, you shall be given a probable cause hearing within five days of your arrest and violator warrant. Probable cause hearings are normally scheduled on Tuesdays and Fridays at the Central Detention Facility. The purpose of the probable cause hearing is to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing. If no probable cause is found, you will be released and either reinstated to supervision, or discharged from further supervision if your sentence has expired.

At your probable cause hearing and any subsequent revocation hearing you will be apprised of the information supporting the violation charges. You may present documentary evidence and voluntary witnesses on your behalf. If you deny the charge(s) against you, you may request the presence of those persons who have given information upon which the charges are based. Such adverse witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or, if you are unable to pay for such representation, an attorney will be appointed for you if you fill out and promptly return a request for representation to the hearing examiner.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole, mandatory release, or supervised release in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your parole, mandatory release, or supervised release you will not receive credit toward service of your sentence for time spent on parole/mandatory release/supervised release.

**Charge No. 1 - Failure to Submit to Drug Testing.** The releasee failed to submit urine specimens on 3/1; 3/3; 3/8; 3/10 and 12/14/05. This charge is based on the information contained in the violation report dated 12/23/05 from supervising officer Paula Lawson.
I ADMIT [   ] or DENY [   ] this charge.

**Charge No. 2 - Use of Dangerous and Habit Forming Drugs.** The releasee submitted urine specimens which tested positive for:
Cocaine on 11/4/05
This charge is based on the information contained in the violation report dated 12/23/05 from supervising officer Paula Lawson and corresponding drug report.
I ADMIT [   ] or DENY [   ] this charge.

**Quick, Billy**
**Reg. No. 32267-083     DCDC No. 178-316**

**Charge No. 3 - Failure to Report to Supervising Officer as Directed.** The releasee failed to report to the supervising officer on 12/6/05 as directed. This charge is based on the information contained in the violation report dated 12/23/05 from supervising officer Paula Lawson.

**I ADMIT [   ] or DENY [   ] this charge.**

**Charge No. 4 - Law Violation – A) Assault With The Intent to Kill While Armed B) Aggravated Assault**   During a verbal altercation on 12/2/05, the releasee stabbed the victim in the chest and several times in the right leg causing a punctured lung and laceration on his right leg. The victim was transported to George Washington Hospital where he remained for a week. The releasee was arrested by the U.S. Marshals Service for the above-cited offense on 12/21/05. This charge is based on the information contained in the violation report dated 12/23/05 from supervising officer Paula Lawson and a police report dated 12/21/05. Status of Custody/Criminal Proceedings: Charge 4 (a) was dismissed on 12/28/05 and 4(b) was held for Grand Jury.

**A) I ADMIT [   ] or DENY [   ] this charge.**
**B) I ADMIT [   ] or DENY [   ] this charge.**

**Probable Cause Hearing Is Required**

**Warrant Recommended By:**

Warrant Issued.................. **January 25, 2006**

Jequan S. Jackson, Case Analyst
U.S. Parole Commission

Community Supervision Office Requesting Warrant: **Sex Offenders' Supervision-Team 13, 300 Indiana Avenue**

---

**Quick, Billy**
**Reg. No. 32267-083     DCDC No. 178-316**

**EXHIBIT Y-3**

**DOCKET #:2005FEL007355**          **DCTN #:030507576**

Defendant: QUICK,BILLIE                                                                    SSN:                        ARR#: 03-05-07576
     aka: QUICK, BILLIE                     B  M  6'00"  265 lbs          DOB:                        PDID: 264-014
    AUSA: SWASSERM                          Intake: FEL-AWIKWA-PSA302                                 FBI: 167517D
Offense: on 12/21/2005 06:00       at 1624 VST NW                                                    CCN: 05-163-382
 Arrest: on 12/21/2005 06:00       at 1306 ORREN ST NE                                               Bond:
by Ofc.: T OSMUND B-5982                         RIP Ofc.:
   Judge: PUIG-LUGO,HIRAM E                      Defense: JOHNSON,VIDA

------------------------------------------------------------------------------------------------

## CASE SUMMARY

EVENTS     Event                              Date              Result
    Last:
  Future:

RELEASE CONDITIONS/BOND

SC Bond:                                Release Status:
Condition:                                   Comments:
Case Disp: Case Dismissed               Disp Dt: 10/05/2006      Case File Dt: 12/21/2005

## CASE COUNTS

COUNT: 1 - ASLT W/I KILL WHILE ARMED - U826                    Judge: SULLIVAN,FREDERICK

| Enhancements | Attempts/Other | Weapons/Drugs |
|---|---|---|
|  |  |  |

     File date:12/21/2005      Indictment Date:          Trial Type:              Phase:CRT
  Disposition:Dismissed - No Probable Cause        Disposition Date:12/28/2005

CONFINEMENT   Type:                       Min:               Max:
    Sentenced:                                           Suspended:

SUPERVISED RELEASE:              Suspended?No

COMMUNITY SERVICES/FINES         Svc Hrs:        Restitution Amt:0          Fine Amt:0

PROBATION    Type:                       Reinstmnt Dt:          Revoctn Dt:
   Cond. of Prob:

                              Page  1  of  2

Y-3

**DOCKET #: 2005FEL007355**　　　　　**DCTN #: 030507576**

Defendant: QUICK, BILLIE
　aka: QUICK, BILLIE
　AUSA: SWASSERM
Offense: on 12/21/2005 06:00
Arrest: on 12/21/2005 06:00
　by Ofc.: T OSMUND B-5982
　Judge: PUIG-LUGO, HIRAM E

　　B  M  6'00"   265 lbs
　　Intake: FEL-AWIKWA-PSA302

at 1624 VST NW
at 1306 ORREN ST NE

RIP Ofc.:
Defense: JOHNSON, VIDA

SSN:
DOB:

ARR#: 03-05-07576
PDID: 264-014
FBI: 167517D
CCN: 05-163-382
Bond:

## CASE SUMMARY

EVENTS　Event　　　　　　　　　　　　　　　Date　　　　　Result
　Last:
　Future:

RELEASE CONDITIONS/BOND
SC Bond:　　　　　　　　　　　　Release Status:
Condition:　　　　　　　　　　　　　Comments:
Case Disp: Case Dismissed　　　　Disp Dt: 10/05/2006　　Case File Dt: 12/21/2005

## CASE COUNTS

COUNT: 2 - AGGRAVATED ASSAULT KNOWINGLY - 22DC404.01A1　　　Judge: PUIG-LUGO, HIRAM

Enhancements　　　　　Attempts/Other　　　　　Weapons/Drugs

　　File date:　　　　　Indictment Date:　　　　Trial Type:　　　　Phase: CRT
　Disposition: Dismissed　　　　　　　Disposition Date: 10/05/2006

CONFINEMENT　Type:　　　　　Min:　　　　　Max:
　　Sentenced:　　　　　　　　　　　　Suspended:

SUPERVISED RELEASE:　　　　Suspended? No

COMMUNITY SERVICES/FINES　　Svc Hrs:　　Restitution Amt: 0　　Fine Amt: 0

PROBATION　Type:　　　　　　　Reinstmnt Dt:　　　Revoctn Dt:
　Cond. of Prob:

**EXHIBIT Z-1**

**WARRANT For Return Of Prisoner Released To Supervision**

Name:  Quick, Billy
Reg. No. 32267-083

Institution: Rivers Correctional Institution
DCDC No.  178-316

**UNITED STATES MARSHAL'S RETURN TO UNITED STATES PAROLE COMMISSION**

NOTE:  Do not execute this warrant if the subject is being held in custody on other federal, state or local charges, unless otherwise ordered by the Commission. (See instructions on accompanying memorandum.)

District of _ DC _____ ss:

Received this writ the _25TH_ day of _JAN_, 20_06_ and executed same by arresting the within-named _BILLY QUICK_

this _20TH_ day of _NOV_, 20_06_

at _5PM_ and committing him to _DC JAIL_

_GEORGE WALSH_
                                                        U.S. Marshal

_BARRY Bookshon_
                                                        Deputy Marshal

Further executed same by commiting him to _____

at _____ on _____, 20_____, the institution

designated by the Attorney General, with the copy of the warrant and warrant application.

_____
                                                        U.S. Marshal

_____
                                                        Deputy Marshal

NOTE:  The original of this warrant is to be returned to the U.S. Parole Commission, 5550 Friendship Boulevard, Chevy Chase, Maryland 20815.

**ACKNOWLEDGEMENT OF SERVICE:**

I have received a copy of the warrant application dated _JAN 25, 2006_
                                                                                        _NOV 20, 2006_

_Billy Quick_
Prisoner's Signature                            Date

*(If prisoner refuses to sign, Marshal should so indicate.)*

                                                        _2-1_

Quick, Billy
Reg. No. 32267-083    DCDC No. 178-

**EXHIBIT Z-2**

## D.C. PROBABLE CAUSE HEARING DIGEST

Name.............................: **Quick, Billy**

Reg. No.........................: **32267-083**

Type of Release .............:**Parole**

Full Term Date When Warrant Issued..: **8/22/2016**

Date Warrant Executed.: 11·20·06

Hearing Date ........: 11·24·06

Examiner..............: McLean

Supervision Officer: **Paula Lawson**

---

### Attorney at Probable Cause Hearing:

[ X ] PDS     [ ] Other     [ ] None

Name   Roz Gonzales

Address   PDS / Dc

Phone_____

### Attorney Representing Subject at Revocation Hearing:

[ X ] PDS     [ ] Other     [ ] Unknown

Name   Same As Above

Address_____

_____

Phone_____

---

### I. Items Advised  *(Check that the subject has been advised of the following two rights):*

[ X ] Advised of Right to a Probable Cause Hearing   [ X ] Advised of Right to Attorney

---

### II. Reason For Not Conducting Probable Cause Hearing

*{If Probable Cause Hearing not conducted, indicate the reason}:*

[ ] Postponed to Next Docket *{If so, provide reason for postponement and omit rest of form.}*

    [ ] At Request of Attorney/Prisoner         [ ] Prisoner Unavailable

    [ ] Other Reason:_____

[ ] Combined Probable Cause/Revocation Scheduled *{If so, skip to VI, Revocation Hearing.}*

---

2-2

## III. Review of Charges:

**Charge No. 1 - Failure to Submit to Drug Testing**

[  ] ADMITS         [X] DENIES

The Subject's Response:_____

_____

_____

_____

_____

[X]  **Probable Cause Found.**  After considering the violation report dated 12/23/05, and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 1.   Additional reasons for probable cause finding:_____

_____

_____

[  ] **NO PROBABLE CAUSE FOUND**

_____

**Charge No. 2 - Use of Dangerous and Habit Forming Drugs**

[  ] ADMITS         [X] DENIES

The Subject's Response:_____

_____

_____

_____

[X]  **Probable Cause Found.**  After considering the violation report dated 12/23/05, and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 2.   Additional reasons for probable cause finding:_____

_____

_____

[  ] **NO PROBABLE CAUSE FOUND**

_____

**Charge No. 3 - Failure to Report to Community Supervision Officer as Directed**

[  ] ADMITS         [X] DENIES

_____

Quick, Billy
Reg. No. 32267-083    DCDC No. 178-316

The Subject's Response:_____

_____

_____

_____

_____

[ X ] **Probable Cause Found.** After considering the violation report dated 12/23/05, and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 3.    Additional reasons for probable cause finding:_____

_____

_____

[ ] **NO PROBABLE CAUSE FOUND**

_____

**Charge No. 4 - Law Violation – Assault With The Intent to Kill While Armed** /4b. Agg. Assault.

[ ] ADMITS        [ X ] DENIES

The Subject's Response: Case has been dismissed 10/5/06 — Note: Subject On Custody Since 12/21/05. —

\* Note: Victim failed to appear @ any of the court proceedings

[ X ] **Probable Cause Found.** After considering the violation report dated 12/23/05, and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 4.    Additional reasons for probable cause finding:_____

_____

_____

[ ] **NO PROBABLE CAUSE FOUND**

## IV. Additional Charges:

_____

_____

_____

_____

_____

## V. Outcome of Probable Cause Hearing:

_____

_____

[X] **Probable Cause Found** on one or more charges, **Hold in Custody** pending revocation hearing.

[  ] **No Probable Cause Found** for any charge.  **Discharge from Custody** immediately and

      [  ] **Reinstate** to Supervision  or  [  ] **Close Case** *[If expiration date has passed]*

[  ] **Probable Cause Found** on one or more charges.  Recommend **Reinstate to Supervision** and

      [  ] **Summon** to revocation hearing or [  ] **Terminate** revocation proceedings

Reason for Release/Summons:_____

_____

## VI. Principal Adverse Witnesses Identified by the Commission:

Note to Subject:  This is the time to request the attendance of an adverse witness (including an adverse witness identified by the Commission or an examiner on this form).  Your failure to make a request for the attendance of any adverse witness is a waiver of your opportunity to confront and cross-examine that witness at a revocation hearing.

Supervision Officer
Name: Paula Lawson
Status:__X__Approved       _____Not Approved      _____**Pending Further Review**

Name: MPD Det.  Brian Ceasar, Badge No. D2-384 3rd District
Status:__X__Approved       _____Not Approved      _____**Pending Further Review**

Name:  Victim-Donald Bolden
Status:__X__Approved       _____Not Approved      _____**Pending Further Review**

## VII. Adverse Witnesses Requested by Subject:

Name:_____

Address:_____

Phone No._____

Status: [  ] Denied at PC Hearing    [  ] Approved at PC Hearing    [  ] Pending Further Review

Reason for Denial:_____

_____

_____

Name:_____

_____

Address:_____

Phone No._____

Status: [   ] Denied at PC Hearing      [   ] Approved at PC Hearing      [   ] Pending Further Review

Reason for Denial:_____

_____

_____

Name:_____

Address:_____

Phone No._____

Status: [   ] Denied at PC Hearing      [   ] Approved at PC Hearing      [   ] Pending Further Review

Reason for Denial:_____

_____

## VIII. Adverse Witnesses Identified by Examiner But Not Requested by Subject:

Name:_____

Address:_____

Phone No._____

Reason for Denial:_____

_____

_____

Name:_____

Address:_____

Phone No._____

Reason for Denial:_____

_____

_____

**Quick,  Billy**
Reg. No. 32267-083    DCDC No. 178-316

**IX.    Revocation Hearing:**

[ ✓ ] Local Revocation or        [ ] Combined Probable Cause/Local Revocation on:

**Location:** [ ✓ ] CTF    [ ] DC Jail    **Date:** 1/22/07    **Time:** [ ] am    [ ✓ ] pm

[ ] Other at _____

_____

[ ] Recommend institutional revocation hearing upon transfer to a federal institution.

**Note: A continuance must be requested in writing. You may submit your requests via e-mail. E-Mail Address:  continue.hearing@usdoj.gov**

**May Qualify for an Expedited Offer:**    [ ] No    [ ] Yes  (If yes, please have releasee sign below)

If the Commission approves a proposal of expedited revocation, I waive the 20-day waiting period for the submission of comments.    [ ] No    [ ] Yes

_____
        *Attorney/Prisoner*                                    *Date*

*Additional Text:*

_Donne A. M. L._                                    11/24/06
_____
        *Examiner*                                          *Date*

**Disclosure Documents:**  Warrant dated 1/25/06, Warrant Application dated 1/25/06, Supplemental Warrant Application dated N/a (only if applicable), Violation Report dated 12/23/05 with attachments, Parole Certificate dated 2/18/05, Pre-Sentence Report

**I acknowledge having received the above disclosure documents and a copy of this document.**

                                                    11/24/06
_____
        *Attorney/Prisoner*                                *Date*

_____

**Quick, Billy**
**Reg. No. 32267-083    DCDC No. 178-316**

U.S. DEPARTMENT OF JUSTICE                                    Probable Cause and Revocation
United States Parole Commission ●                     Hearing Form for ● C. Code Parolees or Releasees
Chevy Chase, MD 20815                                          Arrested in the District of Columbia

## PART ONE

*Instructions:* This part is to be completed at the initial visit of the hearing examiner following
the arrest of an alleged parole, mandatory release, or supervised release violator within the
District of Columbia on a warrant issued by the United States Parole Commission. The
following explanation of the Commission's procedure and the alleged violator's legal rights
must be read and acknowledged by the parolee or releasee, and a copy provided to him.

### Notice of Procedural Rights – Probable Cause Hearing

As an alleged parole, mandatory release, or supervised release violator who has not been
convicted of a criminal offense committed while under supervision, you shall be given a
probable cause hearing within five days of your arrest on a violator warrant. The purpose
of the hearing is to determine whether probable cause exists for the charged violations. At this
hearing, each charge on the warrant application will be read to you, and you will be apprised
of the information supporting those charges. You will be asked to admit or deny each charge
and you may explain or clarify your admission or denial to the hearing examiner.

You may be represented at your probable cause hearing by an attorney. If you cannot pay
for the services of an attorney and desire legal assistance, you may request the D.C. Public
Defender Service to assign an attorney to represent you at your probable cause hearing. The
hearing examiner will furnish you with a request form, and will send it to the Public
Defender Service. If you waive representation by an attorney at your probable cause
hearing, you may, at the conclusion of the hearing or no later than 15 days prior to a
revocation hearing, complete the form to request assignment of an attorney by the Public
Defender Service.

You may present the testimony of voluntary witnesses and documentary evidence in defense
of the charges against you. If you deny violating the conditions of release and have not been
convicted of a crime while on release, you may request the presence of adverse witnesses, i.e.,
those persons who have given evidence that you violated your conditions of release, and
question those witnesses at the hearing, unless good cause is found to deny the appearance of
such witnesses.

At the conclusion of the hearing, the examiner will determine whether probable cause exists
for the charge(s). If no probable cause is found for all charges, the examiner will order your
release from custody on the violator warrant. If probable cause is found for any charge, you
will remain in custody and the examiner will set the date for a local revocation hearing if you
qualify for such a hearing (as opposed to a revocation hearing at a federal institution).
Notwithstanding a finding of probable cause, the hearing examiner may recommend your
release pending a revocation hearing or recommend your release because revocation
proceedings should be terminated. In such cases, a Parole Commissioner will make the
decision on your continued incarceration.

*OPPORTUNITY TO REQUEST POSTPONEMENT OF PROBABLE CAUSE HEARING.*
The probable cause hearing will be held at this time unless you request postponement of the
hearing in order to request representation by an attorney and/or the appearance of a witness.
If you desire the presence of a voluntary witness at the probable cause hearing (or a

subsequent revocation hearing), you are responsible for the attendance of the witness at the appropriate time and place. When a hearing is postponed to obtain witnesses, the Commission usually orders a combined probable cause and local revocation hearing.

I have read (*or had read to me*) the above explanation of the Commission's probable cause procedure, and I fully understand my legal rights under that procedure. (*Initial one of the choices below:*)

(A) (*BP*) I WISH TO PROCEED WITH MY PROBABLE CAUSE HEARING AT THIS TIME.

(B) (     ) I REQUEST A POSTPONEMENT OF MY PROBABLE CAUSE HEARING IN ORDER TO OBTAIN AN ATTORNEY AND/OR WITNESS(ES).

X Billy Quick

**(Signature of Parolee or Releasee)**

11/24/06

**(Date)**

# PART TWO

*Instructions:* This part is to be completed at the conclusion of the probable cause hearing. The explanation below must be read and acknowledged by the alleged violator, and a copy provided to him.

## Notice of Procedural Rights – Revocation Hearing

*OPPORTUNITY TO REQUEST A LOCAL OR INSTITUTIONAL REVOCATION HEARING.* The Commission will order an institutional revocation hearing unless you request, by completing this form, a local revocation hearing. An institutional revocation hearing may be held in the District of Columbia or in any federal prison to which you are transferred following the finding of probable cause. The Commission will grant a request for a local revocation hearing if both of the following conditions are met: (a) you were not convicted of an offense while under supervision, and (b) you deny all of the charges against you. In other cases, the Commission will only order a local revocation hearing if it finds good cause to do so.

In support of any request for a local revocation hearing, you should indicate any witnesses you plan to present at the revocation hearing and any adverse witnesses you wish to appear. Such adverse witnesses will be presented unless good cause is found to deny your request for their appearance. In addition, you may, prior to a local revocation hearing, request that the Commission require the attendance under subpoena of favorable witnesses who have refused to appear voluntarily. Such request will be granted provided you are able to show that the appearance of such favorable witnesses is necessary to the proper disposition of your case, and that their testimony cannot be obtained by other means. If the Commission orders an institutional revocation hearing, this will not alter your right to be represented by an attorney, or to present voluntary witnesses or documentary evidence. However, the Commission will not request the presence of adverse or other witnesses at an institutional revocation hearing.

If the Commission orders a local revocation hearing, such hearing will be held within sixty days of the probable cause finding. If the Commission orders an institutional revocation hearing, such hearing will be held within ninety days of the date you were retaken on the Commission's warrant. If you request postponements of revocation proceedings or take actions which delay such proceedings, these time limits may be extended.

*Initial one of the alternatives below:*

(       ) I REQUEST AN INSTITUTIONAL REVOCATION HEARING IF I AM NOT ORDERED RELEASED BY THE COMMISSION. I UNDERSTAND THAT I MAY BE TRANSFERRED TO A FEDERAL PRISON IF AN INSTITUTIONAL REVOCATION HEARING IS ORDERED.

(*GD*) I REQUEST A LOCAL REVOCATION HEARING IF I AM NOT ORDERED RELEASED BY THE COMMISSION. MY REASONS FOR REQUESTING A LOCAL HEARING ARE AS FOLLOWS:


_____          _____
(Signature of Parolee or Releasee)          (Signature of Hearing Examiner)

_____          _____
(Date)                                                      (Date)

Before The
UNITED STATES PAROLE COMMISSION

Name: **Billy Quick**          Register No. **32267.083** DCDC No. **178.316**

For Probable Cause Hearing                     For Revocation Hearing

*(Select all that apply)*

## STATEMENT OF PAROLEE OR MANDATORY RELEASEE
## CONCERNING REQUEST FOR COUNSEL

**Billy Quick**_____, having been fully advised of the charges against me and of my rights as set forth in the copy of the (Warrant Application) (Summons to Appear), understand that I may request the D.C. Public Defender Service to assign counsel to assist or represent me in this matter before the United States Parole Commission, and that such representation by counsel may be furnished to me if the D.C. Public Defender Service determines that I am financially unable to obtain attorney representation, and that an attorney is available. After reviewing this notice concerning assignment of counsel,

_____
(Initials)

      I do not wish to apply to the D.C. Public Defender Service for assignment of counsel.

**B Q**
(Initials)

      I do hereby apply to the D.C. Public Defender Service for assignment of counsel (if available), and in connection with this application, I state as follows concerning my true financial condition:

|  | employed | unemployed |
|---|---|---|
| I am |  |  |
| If employed, state weekly income |  | $_____ |
| If self-employed, state average weekly income | $_____ |  |
| Cash on hand and in bank |  | $_____ |
| Number of dependents |  | _____ |
| Property Owned |  | _____ |

      I certify the above to be correct.

_**Billy Quick**_____ 11/24/06
(Signature of Applicant and Date)

Witness: _____
          (Signature, Title and Date)

False or dishonest answer to a question in this application may be punishable by fine or imprisonment or both (18 U.S.C. 1).

_____

Form From D.C. Public Defender Service

above-named applicant will be represented by _____
            (Name and Phone Number)

Please fax this form to the U.S. Parole Commission, Attn: Case Services, (301) 492-5525.

# EXHIBIT AA



## HEARING SUMMARY

**Name: Quick, Billy**                                                    **Reg No: 32267-083**

### Hearing Parameters

Hearing Format .............................: **In Person**

Hearing Type ................................: **Revocation (Local)**

Hearing Date ................................: January 22, 2007

Examiner.......................................: Gregory E. Price

Institution.....................................: D.C. Correctional Treatment Facility

Second Designation ......................: Unknown

### Sentence Parameters

Sentence Type...............................: **DC Parole Eligible**

MR/Statutory Release Date..........: 8/10/2014

Full Term Date.............................: 5/21/2018

Months in Custody........................: 3 as of 2/19/2007

Detainer........................................: None

### Warrant Parameters

Supervision ..................................: **Parole**

Revoking District & Office..........: CSOSA, Sex Offender Unit, 300 Indiana Avenue, NW,

Washington, DC

Warrant Execution Date...............: 11/20/2006

Probable Cause Date....................: 11/24/2006

**Additional text regarding the above parameters:** It should be noted that the subject had been incarcerated from December, 2005 until the execution of the warrant. The subject had been locked up for the most serious charge facing the Assault with Intent to Kill While Armed and Aggravated Assault Charge. These charges were dismissed the latter part of 2006 and the warrant was subsequently executed.

---

**Prior Action:** Please see DC Local Revocation Prehearing Assessment dated January 8, 2007.

**Counsel:** Rosalyn Gonzales, PDS
633 Indiana Avenue, NW
Washington, DC

*AA*

**Witnesses:** Paula Lawson, CSO.

MPD Detective Brian Ceacar, Badge No. D2-384, failed to appear.

███████████ victim, was unable to be located.

**Procedural Considerations:** Attorney Gonzales noted that her client would not waive the right to confront and cross examine adverse witnesses.

**Charges:**

**Charge No. 1 - Failure to Submit to Drug Testing.**
  **Evidence Presented:** The subject admitted the above charge with explanation. The subject stated that he has a "psychological problem" giving urine in a cup. He stated that he has remained at the lab for 2 to 3 hours and still unable to provide urine.

  Ms. Lawson CSO, indicated that the subject has complained of not being able to give urine but noted that when the subject wanted to get a permit to take a trip out of state, and he was told that he could not go unless he provided a urine, the subject did provide a urine. The urine submitted tested positive for cocaine. The subject indicated that on that day he had downed six "20" before giving the urine. He also noted that he does not drink a whole lot of liquids especially water. Ms. Lawson indicated that whether or not he had psychological problems giving urine were scheduled and therefore was not transported to the Washington Hospital to conduct these tests.

  The examiner noted that the dates in question for this charge were in 2005 rather than 2006. It was explained that the subject was arrested on Charge No. 4 approximately March 2005 and was not released until late last year. He was released after the charge was totally dismissed. The examiner expressed some concerns about the subject not voiding urine for his own health sake. He was referred to see a Urologist to determine whether or not in fact he does have psychological problems, particularly at his age. In the absence of any medical documentation, the facts remain that subject has failed to provide urine on the dates in question. It should be noted that Ms. Lawson has also indicated that there are a number of dates in which he did provide urine and the test results were negative.
  **Findings of Fact:** This examiner finds that the subject violated the conditions of release as indicated in the above charge.
  **Basis:** Your admission to the examiner.

**Charge No. 2 - Use of Dangerous and Habit Forming Drugs.**
  **Evidence Presented:** The subject admitted the above charge with explanation. The subject stated that he believed that his urine positive on that day because he was living in a residence where the owner used crack. The subject stated that he thinks his urine tested positive only because of his second hand experience of the drugs. The subject indicated that he has subsequently moved away from that residence. Ms. Lawson CSO stated that the subject tested positive on the date in question as indicated in the Violation Report.
  **Findings of Fact:** This examiner finds that the subject violated the conditions of release as indicated in the above charge.
  **Basis:** Your admission to the examiner.



**Charge No. 3 - Failure to Report to Community Supervision Officer as Directed.**
    **Evidence Presented:** The subject denied the above charge. The subject stated that he went to Ms. Lawson's office as scheduled but he was informed that she was not in. He stated that he tried to write down his name to the receptionist but he doesn't know what happened.

    CSO Lawson indicated that all parolees are informed that if the probation officer is not available, they are to report to their duty officers. This is the process and procedure just to insure that all parolees are being seen as scheduled. Ms. Lawson reviewed her file and noted that the subject did in fact report to his new officer on the date in question. Further, she acknowledged that he returned on 12/7, the day after the scheduled appointment.
    **Findings of Fact:** This examiner makes no finding concerning the above charge.
    **Basis:** Evidence has been provided that subject did in fact report as ordered by his probation officer.

**Charge No. 4 - Law Violation - (A) Assault with Intent to Kill While Armed; (B) Aggravated Assault.**
    **Evidence Presented:** The subject denied the above charge. Attorney Gonzales reported that these charges were dismissed 10/5/2006. She noted that the victim failed to appear at all Status Hearings and as a result, the charges were dismissed. She also noted that it appears more likely that the subject will be found because he himself was involved in criminal activities.

    As noted earlier, police officer and identified adverse witness did not appear today and did not provide any documentation or justification for his non appearance. Given that the Commission determined that when a victim has moved away without any forwarding address, it is highly unlikely that the victim could be found to show up on a subsequent hearing on this charge. As such, this examiner has determined that a no finding is the most appropriate action to take pertaining to this charge.
    **Findings of Fact:** This examiner makes no finding concerning the above charge.
    **Basis:** There is insufficient evidence to make a finding on this charge and the likelihood of securing testimony of the victim is extremely low.

**Discipline:** None.

**Release Plans:** The subject indicated that he would reside at ███████████████████. He will reside there with his girlfriend, ████████████. The subject also has expressed an Interstate Compact Transfer to the State of North Carolina where his children reside.

**Guideline Parameters**

**Severity Justification:**   Category One because it involved Administrative Violations.
**Salient Factor Score:**   2
**Re-parole Guideline Range:**............. 12-16

**Evaluation:** Mr. Quick is a 64 year old male who has been in the Criminal Justice System since 1957. The subject arrived to the hearing today somewhat hobble when using a cane to maneuver. It appears that the subject may have some physiological problems as he has professed problems in voiding urine. His probation officer has made arrangements for him to be examined by Urologist at the Washington Hospital Center. However, the subject was arrested on the more serious charge at the time that the

appointment was finalized. It appears that subject has some hearing difficulties as well. It is noted in the packet that he is a recipient of SSI Disability payments. The subject's Charges were Failure to Submit to Drug Testing, Use of Dangerous and Habit Forming Drugs, Failure to Report to Supervisor Officer as Directed and Law Violations, Assault with Intent to Kill while Armed and Aggravated Assault. A no finding was made on the more serious charges. Further, there was evidence to rule out Charge No. 3, Failure to Report to Supervising Officer as directed as the probation officer's review of the subject's record indicated that he did in fact report to her office on the date in question.

It appears that this subject has fairly decent work relationship with his probation officer. In fact, she reported today that she and her supervisor were in the process of making arrangements for the subject to be transferred via Interstate Compact agreement to the State of North Carolina where his children are located. Ms. Lawson stated that she believes that removing the subject from the environment that he finds himself in, in Washington, DC will at least increase the prospects that he can remain in the community and not come back to prison. The subject indicated that he has been incarcerated since 1957 off and on. He also stated that he is weary of his life and simply wants to get himself straight and remain in the community, perhaps spending the remaining days close to family members.

The violations that the subject has acknowledged include one dirty urine, and four failures to get tested at the Drug Lab. In the eyes of this examiner, these violations while legitimate, do not meet the standards for revocation.

**Recommendation:** Violation found is not deemed sufficient for revocation.  Reinstate to Supervision.

**Conditions:**  Upon your release from custody, you are to report immediately to CSOSA.

**Statutory Interim Hearing:** N/A.

**Guideline Use:** N/A.

**Additional Text:** None.

[Signature]


GEP/PAH
January 30, 2007


**Executive Reviewer's Comments:**  (by S. Husk on 2/1/07)

I disagree that the findings of fact made on charges 1 and 2 do not warrant revocation especially in light of Quick's refusal to accept responsibility for his drug use in Charge No. 2.  His response that his positive for cocaine was a result of being at a crack house, in my opinion, is not credible and indicative of a person in denial. I would support a decision below the guideline range if these were the only charges.



Due to the severity of the criminal conduct alleged in Charge No. 4 and the fact that Quick had attributed the dismissal of the case to the alleged victim's non-appearance at status hearings in court, I contacted the U.S. Attorney's Office regarding the reason for the dismissal of the case. I was told that the case was dismissed simply because the government was unable to present an indictment to the grand jury within 9 months. The case was not dismissed due to the lack of cooperation of the alleged victim. In fact, the U.S. Attorney's Office intends to re-file the case.

In addition to this, the U.S. Attorney's Office provided me with additional evidence about the case that I believe is critical. Specifically, there are 6 letters that our subject purportedly sent to alleged victim ███████ after he had been confined on this criminal charge on 12/21/2005. All of these letters are handwritten with the name of either "Sonny Pearson" or "Henry E. Pearson" at the top. Henry Pearson is a known alias for Mr. Quick (as indicated by the Presentence Report in case # F10339-91). Furthermore, handwritten in each of these letters is the DCDC # that is assigned to Mr. Quick (178-316). In addition, in one of the letters, it specifically states an aka of Billy Quick.

The content of these letters may prove to contain significant information relative to a Commission's finding of fact on the criminal charge. Most significantly, the letter dated 1/13/2006 states "I'm facing ten years for some shit you cause by not doing what your suppose (sic) have did (sic). I'm very sorry that I lost control of myself but I was fed up with how your (sic) kept doing me and my lady that made three times you had fuck over us." In subsequent letters, the writer advises the intended recipient of the letter that things will work out as long as the witness "don't show up in court" and also advises him to advise the "parole board" that he had given police wrong information.

I believe this additional evidence is critical and, given the serious nature of the alleged assault, that another hearing should be ordered. If another hearing is ordered, Quick's attorney should be provided with disclosure of this additional evidence and be prepared to discuss it at a subsequent hearing.

**Recommendation:**

Revoke Parole. None of the time spent on parole shall be credited. Continue for a subsequent hearing to further consider Charge 4 (Assault). At that subsequent hearing, the Commission will consider additional evidence in the form of six letters that were purportedly sent to the alleged victim of the assault. The Commission will disclose this evidence to your attorney in advance of the continued hearing.

# **EXHIBIT BB**

U.S. Department of Justice                              **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

---

Name: QUICK, Billy                          Institution: D.C. CTF
Register Number: 32267-083
DCDC No: 178-316                            Date:      February 2, 2007

---

As a result of the hearing conducted on January 22, 2007 the following action was ordered:

### DC Local Revocation

Revoke parole. None of the time spent on parole shall be credited. Continue for a subsequent hearing to further consider Charge No. 4, Assault. At the hearing the Commission will consider additional evidence in the form of six letters that were purportedly sent to the alleged victim of the assault. The Commission will disclose this evidence to your attorney in advance of the continued hearing.

### FINDINGS OF FACT

The Commission finds as a fact that you violated conditions of release as charged as indicated below:

Charge No. 1 - Failure to Submit to Drug Testing

Charge No. 2 - Use of Dangerous and Habit-Forming Drugs

Basis for the above stated finding(s): Your admission

Charge No. 3 - Failure to Report to Supervising Officer as Directed

Basis for the above stated finding(s): Evidence has been provided that subject did in fact report as ordered by your probation officer.

THE ABOVE DECISION IS NOT APPEALABLE

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

---

Queued: 02-02-2007 09:22:05 BOP-D.C. Correctional Treatment Facility | BOP-D.C. Federal Billing Unit | USPO-Sex Offenders Supervision-Team 13, 300 Indiana Avenue | USM-District of Columbia - District Court, D.C. District Court | FPD-District of Columbia, District of Columbia - DC |

cc:    D.C. Federal Billing Unit
D.C. Department of Corrections
Washington, D.C. 20003

U.S. Marshals Service
District of Columbia - District Court
333 Constitution Ave, N.W., Room 1400
Washington, D.C. 20001
Warrants - Attn: David Baldwin

Rosalyn Gonzales
Public Defender Service
District of Columbia
Special Proceedings Division
633 Indiana Avenue, N.W.
Washington, D.C. 20004

U.S. Probation Office
Sex Offenders Supervision Team 13
CSOSA
300 Indiana Avenue, N.W., Rm 2002
Washington, D.C. 20001

CSS Data Management Group
D.C. Court Services & Offender Supervision Agency
300 Indiana Avenue, N.W., Suite 2070
Washington, D.C. 20001

Quick 32267-083                  -2-                  Clerk: SRM
Queued: 02-02-2007 09:22:05 BOP-D.C. Correctional Treatment Facility | BOP-D.C. Federal Billing Unit | USPO-Sex
Offenders Supervision-Team 13, 300 Indiana Avenue | USM-District of Columbia - District Court, D.C. District Court |
FPD-District of Columbia, District of Columbia - DC |