**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| BILLIE QUICK, | : | | |
| | : | | |
| Petitioner, | : | Civil Action No.: | 06-1841 (RMU) |
| | : | | |
| v. | : | Re Document No.: | 1 |
| | : | | |
| U.S. PAROLE COMMISSION, | : | | |
| | : | | |
| Respondent. | : | | |

**MEMORANDUM OPINION**

DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS

**I.      INTRODUCTION**

This matter is before the court on the petitioner's petition for a writ of habeas corpus. The petitioner, a *pro se* parolee, brings this action against the U.S. Parole Commission ("the Commission"), pursuant to 28 U.S.C. § 2241, arguing that he was denied both a probable cause hearing under 28 C.F.R. § 2.101(a) and a revocation hearing under 28 C.F.R. § 2.102(f). Because the Commission was not obligated to provide the petitioner with a probable cause or revocation hearing until after the execution of its warrant against the petitioner for a parole violation, the court dismisses the petition.

**II.      FACTUAL & PROCEDURAL BACKGROUND**

The petitioner has been in and out of prison since 1974 for various crimes as well as parole violations. *See generally* Respt's Opp'n. On February 10, 2004, the Commission revoked the petitioner's parole because of charges of drug use, failure to submit to drug testing and failure to report to his supervising officer. *Id.* at 3. The petitioner was re-paroled on February

20, 2005. *Id.* On December 21, 2005, the petitioner was arrested and charged with aggravated assault and assault with intent to kill while armed ("assault charges"). *Id.* at 4, Ex. Y-3 ("Replicated Case Information System"). The Commission issued a parole violator warrant on January 25, 2006, charging the petitioner with failure to submit to drug testing, testing positive for habit-forming drugs, failure to report to supervision and violation of the law based on the assault charges. *Id.* at 4, Exs. Y-1 ("Warrant") & Y-2 ("Warrant Application"). The assault charges against the petitioner were dismissed on October 5, 2006. *Id.* at 4, Ex. Y-3.

On October 25, 2006, while incarcerated at the District of Columbia Correctional Treatment Facility ("CTF"), the petitioner filed this petition for a writ of habeas corpus. *See generally* Pet. On November 20, 2006, the January 25, 2006 warrant was executed against the petitioner, *id.* at 4, Ex. Z-1 ("Warrant Return"), and on November 24, 2006, a probable cause hearing was held, during which the court determined that there was probable cause to believe that the petitioner had violated his parole, *id.* at 4, Ex. Z-2 ("Probable Cause Hearing Digest"). The Commission conducted a local revocation hearing on January 22, 2007 during which the petitioner admitted to the administrative charges of using habit-forming drugs and failing to submit to drug testing. *Id.* at 4, Ex. AA ("Hearing Summary"). The petitioner was advised by written notice dated February 2, 2007, that his parole was revoked. *Id.* at 5, Ex. BB ("Notice of Action").

### III.    ANALYSIS

#### A.    Legal Standard for Writ of Habeas Corpus

Prisoners may attack the manner of execution of a federal sentence pursuant to the federal habeas statute, 28 U.S.C. § 2241. *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 809 (D.C. Cir.

1988); *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991) (citing *United States v. Hutchings*, 835 F.2d 185, 186 (8th Cir. 1987)).  "[T]he law of this circuit is clear that '[a] district court may not entertain a habeas corpus action unless it has personal jurisdiction over the custodian of the prisoner.'"  *Chatman-Bey*, 864 F.2d at 810 (citing *Guerra v. Meese*, 786 F.2d 414, 415 (D.C. Cir. 1986)).  The custodian of the prisoner is the warden of the facility in which the prisoner is held.  *Id.* at 811.

### B. The Petitioner Improperly Brought this Action Against the Commission

As an initial matter, the court recognizes that the petitioner has improperly brought his petition against the Commission.  *See generally* Pet.  The proper defendant in a federal habeas action is the warden of the prison where the petitioner is held at the time he files the petition.  *Chatman-Bey*, 864 F.2d at 806 n.1, 811.  The petitioner was incarcerated at CTF at the time he brought this petition.  Respt's Opp'n at 6 n.2.  Thus, the warden of CTF, John Caulfield, is the proper respondent.  As noted below, however, even if the petitioner had named the correct respondent, he is still not entitled to relief.

### C. The Petitioner Was Afforded Probable Cause and Local Revocation Hearings in a Timely Manner

The petitioner argues that he should have been afforded both a probable cause hearing and a local revocation hearing after his arrest on December 21, 2005.  Pet. ¶¶ 3, 4.  The respondent contends that the petitioner was not entitled to either hearing until the Commission's warrant was executed.  Respt's Opp'n at 6.  The respondent further argues that because both hearings were timely held after the warrant was executed on November 20, 2006, the petition should be dismissed.  *Id.* at 7.

The issuance of a parole violator warrant does not deprive a parolee of any constitutionally protected right. *Moody v. Daggett*, 429 U.S. 78, 89 (1976). Therefore, the Commission has no duty to provide an adversarial hearing until after the petitioner has been taken into custody as a result of the warrant, as a parole violator. *See id.* In addition, parole officials are not required to execute a warrant if the parolee is in prison for serving an intervening sentence. *Bennett v. Ridley*, 633 A.2d 824, 827 n.2 (D.C. 1993) (quoting *Moody*, 48 U.S. at 89); *see also Ramsey v. Reilly*, 613 F.Supp.2d 6, 11 (D.D.C. 2009) (stating that it is established practice to execute a warrant only after the completion of a new sentence). Once an individual is taken into custody following the execution of a warrant, the Commission must provide a probable cause hearing within five days. 28 C.F.R. § 2101(a). Further, the Commission must provide a local revocation hearing within sixty-five days of the retaking of the parolee. 28 C.F.R. § 2102(f).

The petitioner was arrested on December 21, 2005 and charged with aggravated assault and assault with intent to kill while armed. Respt's Opp'n at 4. The charges were not dropped until October 5, 2006, and the warrant was not executed until November 20, 2006. *Id.* A probable cause hearing was held on November 24, 2006, within the five day requirement of 28 C.F.R. § 2101(a). *See id.* The petitioner was also given a local revocation hearing on January 22, 2007, within the sixty-five day requirement of 28 C.F.R. § 2102(f). *See id.* Therefore, the petitioner's claims that he did not received timely probable cause and local revocation hearings are without merit.

Lastly, the assault charges against the petitioner were dismissed on October 5, 2006, but the petitioner was held at CTF until the warrant was executed on November 20, 2006. *See id.* It is not clear on the record why the petitioner was held at CTF for that intervening time and it is

4

not clear from the petitioner's filings whether it is this specific aspect of his confinement that he challenges.  *See generally* Pet.; Respt's Opp'n.  CTF officials, however, acted within their discretion if they knew of the existence of the parole violator warrant and held petitioner until that warrant could be executed.  *See Baker v. Caulfield*, 2007 WL 1876386, at *2 (D.D.C. June 28, 2007) (holding that District of Columbia authorities who held a prisoner for a month after he was ordered to be released acted within their authority when they knew of a Parole Commission warrant against the prisoner and therefore held him until it could be executed).  Accordingly, the court denies the petition for a writ habeas corpus.

## IV.    CONCLUSION

For the foregoing reasons, the court denies the petition for a writ of habeas corpus.  An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 18th day of August, 2009.

                                          RICARDO M. URBINA
                                         United States District Judge